[Civ. No. 3296. Fourth Dist. Oct. 29, 1945.]

W. W. ADAMS, Respondent, v. WM. EUGENE
ALEXANDER, JR., Appellant.

A. V. Falcone for Appellant.

Roland Thompson and George E. Bradley for Respondent.

BARNARD, P. J.—This is an action for damages for assault and battery. The plaintiff, who was an osteopathic physician, had for some time been treating the defendant's father. The defendant had believed that the plaintiff was attempting to influence his father with respect to changing his will and to having the defendant removed as administrator of the estate of his mother, who had recently died.

On April 29, 1943, in response to a call from the nurse the plaintiff called at the home of the defendant's father. The defendant met him as he approached the house and after a few words struck him a number of times. The plaintiff was 81 years old and it appears that he was rather severely beaten. He bled profusely and had to sit down for half an hour before he was able to return to his home, which was two blocks away. He collapsed when he reached home and was treated by two doctors.

The defendant was arrested on a charge of assault and battery, and after consulting two attorneys a plea of guilty was entered and the defendant paid a fine of $50. Thereafter, and on June 8, 1943, this action was filed. The defendant consulted an attorney who told him nothing could be done until he was served with summons. He successfully evaded service of summons for some months, but service was finally made by publication, based on the ground that the defendant was concealing himself to avoid the service of summons. An answer was then filed pleading self-defense, it being alleged that the plaintiff had "wholly provoked" the attack by attempting to influence the defendant's father in the respects above noted, and that immediately prior to the attack the plaintiff "made a motion with his hand toward his hip pocket as if to draw a gun" and that the defendant, believing himself in danger, struck the plaintiff.

The action was set for trial on March 27, 1944, at 10 o'clock a. m., it being conceded that both the defendant and his attorney had notice thereof. No appearance was made at the trial by the defendant or his attorney and after waiting twenty-five minutes the judge instructed the clerk to call the defendant's attorney, who told the clerk that neither of them intended to appear and that the court might hear the action and the case would be left to the judgment of the court. After hearing the plaintiff's evidence a judgment for $5,125 was entered in favor of the plaintiff on the same day.

Thereafter, the defendant moved, under section 473 of the Code of Civil Procedure, to vacate and set aside the judgment on the grounds of mistake of fact and of law, inadvertence, surprise and excusable neglect of himself and his former attorney, and also moved for a new trial. The court denied the motion for relief under section 473 and took the motion for a new trial under advisement. Later, he decided he would grant a new trial solely on the issue of damages unless the plaintiff consented to a reduction of the judgment to $3,500. With the plaintiff's consent, the judgment was reduced to that amount and a new trial was denied. The defendant has appealed from the judgment and from the order denying his motion for relief under section 473.

The only point raised in connection with the appeal from the judgment is that the same is excessive and not supported by the evidence. There is evidence that the respondent was only semiconscious for some hours after the assault; that he was only able to sleep on one side and then only intermittently for many weeks following the assault; that every night between the date of the assault and the date of the trial he suffered from attacks of suffocation, making it necessary for his wife to take steps to revive him; that for the first three months he had to spend two-thirds of his time in bed during the daytime; that up to the date of the trial he had lost $900 in earnings; that his earning capacity was still impaired; that he was still having a good deal of pain and suffering from the injury to his head; that he was still suffering from headaches; that his hearing was impaired; that his heart was seriously affected and was giving him a great deal of discomfort, especially at night time; and that there was some permanent injury to his heart.

That the respondent suffered considerable injury cannot be questioned. Upon the record before us it cannot be held, as a matter of law, that the amount finally allowed by the trial court is either without evidentiary support or so excessive as to indicate that it was the result of passion or prejudice.

It is further contended that the court erred in denying the appellant's motion for relief under section 473. Eight affidavits were filed by the appellant in support of his motion and ten counteraffidavits were filed by the respondent. These present many serious conflicts, although the

appellant argues that there is no conflict with respect to one fact which constitutes the "crux of this motion," namely, that his former attorney had advised him not to appear at the trial because he had no defense, that he had no evidence to introduce, and that while the respondent was sure to get a judgment the amount of the judgment would be small. It is argued that this fact brings this case squarely within the rules applied in *Douglass* v. *Todd,* 96 Cal. 655 [31 P. 623, 31 Am.St.Rep. 247] and *Tuttle* v. *Scott,* 119 Cal. 586 [51 P. 849].

In *Douglass* v. *Todd,* the appeal was from an order vacating a default judgment. The defendant's affidavit stated facts showing a sufficient defense to the action and the question presented on appeal was whether the fact that the defendant had been advised by his attorney that he had no defense was a sufficient ground upon which the court might grant the motion for relief. It was held sufficient to sustain the action of the court. It was not held, however, that a court has no discretion in such a matter, especially where the facts are somewhat different. In *Tuttle* v. *Scott,* which is also an appeal from an order vacating a judgment after default, the sufficiency of the respondent's excuse for not answering was not questioned and the only question presented was whether the affidavit showed a meritorious defense to the action.

In the instant case, there is not only a serious question as to the merits of the defense which might have been made, but a serious question and much conflict as to the sufficiency of the appellant's excuse for not appearing and defending at the trial, after having filed an answer in which the defense on which he relies had been set up. While it is now claimed that his former attorney was mistaken in fact and in law in believing that he had no defense to the action it appears that this attorney not only knew of his claim of self-defense, but that he had set up the same in the answer which was filed. Instead of having overlooked this defense · it would appear that this attorney merely decided that this defense could not be proved. That he was correct in so thinking sufficiently appears from the affidavits filed in connection with this motion, including those on behalf of the appellant. The respondent was 81 years old at the time of the attack, the appellant had already pleaded guilty to a charge of assault and battery, and the claim that he thought

the respondent was reaching for a gun, taken with the surrounding circumstances, could not reasonbly be expected to have made much of an impression upon the trial court. Regardless of the cause of the appellant's animosity toward the respondent, and of whether or not he was justified in believing that the respondent was interfering in his own and in his father's business, it rather clearly appears that the physical attack made by the appellant on this aged man was entirely unjustified, and that nothing contained in the affidavits could reasonably be expected to change the court's conclusion in this regard.

While an appearance at the trial should have been made for the purpose of having the question as to the amount of the damages completely presented there is no showing that the appellant could have produced evidence which could reasonably be expected to have affected the result. The only showing attempted in this regard is a statement in the affidavit of the nurse, who was present on the occasion in question, to the effect that she had frequently seen the respondent walking along the street and that she could see nothing wrong with him. Aside from the weakness of this evidence it appears from other affidavits that this nurse had made decidedly conflicting statements at other times.

Aside from other conflicting matters, it appears that the trial court felt that the appellant had deliberately absented himself from the trial on the theory that he did not care whether a judgment, or how much of a judgment, was obtained against him since he believed that he could conceal his assets and settle for a nominal amount. It appears that the appellant's former attorney advised him to cover up his assets and to sell his father's house, and told him that they could then settle any judgment which would be obtained, which would not be very much, on their own terms. An effort was made by this attorney and another attorney to settle the judgment but without success.

While the appellant states in his affidavits that he did not attempt to cover up his assets, other facts appear which would justify a contrary inference. The appellant's father had died in the meantime. His estate, appraised at $22,676.20, had been distributed to the appellant before the date of the trial. The appellant had conveyed the only two pieces of real property thus received, one to a corporation and one to his sister-in-law. Executions had been issued and returned

unsatisfied and rather strenuous efforts to locate something on which an execution could be levied were unsuccessfully made. Finally facts were discovered which indicated that the transfer of the property to appellant's sister-in-law had been made without sufficient consideration. Shortly after execution was levied on that property the appellant filed his notice of motion for relief under section 473, and then filed a notice of motion for a new trial.

Under the circumstances here appearing, and especially in view of the conflicts on matters material to the questions presented, it cannot be held that the trial court abused its discretion in refusing to grant the appellant the relief he asked for. As a practical matter, it would seem probable that the appellant and his former attorney decided to gamble on the amount of the judgment that would be entered, and that the appellant was not only disappointed in the result but became actively interested only when he found that he was not judgment-proof.

The judgment and the order appealed from are affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied November 21, 1945, and appellant's petition for a hearing by the Supreme Court was denied December 20, 1945.