# Fifth Avenue Building and Loan Association *v.* Goldberg, Appellant.

*Bankruptcy—Schedule—Discharge.*

A discharge in bankruptcy cannot be set up against a judgment entered on a bond accompanying a mortgage given by the bankrupt and his wife, where the schedule filed in the bankruptcy proceedings describes the mortgage and bond as having been given by the wife alone, and it also appears that the judgment creditor had no actual notice or personal knowledge of the bankruptcy proceedings.

. . .

Argued April 17, 1902.   Appeal, No. 126, April T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1900, No. 124, on verdict for plaintiff, in case of Fifth Avenue Building & Loan Association v. Joseph Goldberg, Impleaded with Augusta Goldberg.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Issue to determine liability on judgment.   Before STOWE, P. J.

At the trial the defendant offered as a defense a discharge in bankruptcy.   It appeared that the judgment in question had been entered on a bond accompanying a mortgage given by defendant and his wife.

Counsel for defendant offered in evidence the record in bankruptcy calling attention in particular to the fact that in schedule " A " the following creditor's name appears : " Name of creditor, Fifth Avenue Building & Loan Association ; residence, Pittsburg.   Description of securities, mortgage and bond for $3,600 given by Mrs. Augusta Goldberg on property in the fifteenth ward, Pittsburg, dated June 1, 1898."

Objected to for the reason that the schedule as made is insufficient in law.

Objection sustained and bill sealed for defendant. [1]

Mr. Beatty : We also propose to prove by Mr. Goldberg that the only debt that the defendant ever contracted with the Fifth Avenue Building & Loan Association was a judgment bond and mortgage given on June 1, 1898, in the sum of $5,200, and that the plaintiff association only paid to him on account of the bond the sum of $3,600.

198  FIFTH AVE. B. & L. ASSN. *v.* GOLDBERG, Appellant.

Statement of Facts—Opinion of the Court. [22 Pa. Superior Ct.

Mr. Gartner: I wish to object for the reason that in their petition to open the judgment they do not set forth anything about the amount of the judgment being incorrect; they simply allege a discharge in bankruptcy; that is all they say in their petition.

Objection overruled.

Mr. Gartner: I am perfectly willing to allow the defendant to show this amount is not correct.

Mr. Beatty: My offer is for the purpose of strengthening the fact that they have been sufficiently notified by the schedule in bankruptcy.

The Court: As far as that is concerned we rule out everything pertaining to the bankruptcy proceedings. Bill of exceptions sealed for defendant. [2]

The court charged as follows:

Under the view we take of the law in this case the plaintiff is entitled to a verdict for the amount named in this judgment with interest, which has been computed. With your consent the verdict will be so taken.

Verdict and judgment for plaintiff for $819.69. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) the charge of the court.

*Lee C. Beatty*, for appellant.—The description of the security was sufficient: Black v. Blazo, 117 Mass. 17 ; Collier on Bankruptcy (3d ed.), 197.

*T. L. Gartner*, for appellee.—The onus of showing that a debt was discharged in bankruptcy is upon the party setting up the discharge: Clement v. Hayden, 4 Pa. 138.

OPINION BY ORLADY, J., February 11, 1903:

On October 30, 1900, a judgment in favor of plaintiff against the defendants was regularly entered in the court below. On November 24, 1900, a rule was granted to show cause why the judgment entered against Joseph Goldberg should not be opened and he let into a defense, which rule, after hearing,

was made absolute.   On the trial the plaintiff offered in evidence, without objection, a judgment bond, with accompanying mortgage, from Augusta and Joseph Goldberg to the plaintiff association—the mortgage being duly recorded, and the judgment bond filed to No. 124, December term, 1900—and rested his case.   Joseph Goldberg then offered in evidence the adjudication in bankruptcy in the district court of the United States, for the western district of Pennsylvania, and the record in bankruptcy in that case; objection was made thereto because of a defect in the schedule in naming this plaintiff as creditor, etc., and is as follows : " Name of creditor, Fifth Avenue Building and Loan Association; residence, Pittsburg.   Description of security, mortgage and bond for $3,600 given by Mrs. Augusta Goldberg on property in fifteenth ward, Pittsburg, dated June 1, 1898; " which objection was sustained by the court. The defendant then offered to prove that the only debt that the defendant ever contracted with the plaintiff association was represented by the judgment bond and mortgage already in evidence, for the purpose " of strengthening the fact that the plaintiff had been sufficiently notified by the schedule in bankruptcy," which was rejected under objection, and the court gave binding instructions to return a verdict in favor of the plaintiff for $819.69.

The assignments of error may be considered together, the whole question being the sufficiency of the schedule, required by section 7 of the National Bankruptcy Act of 1898, to make the discharge in bankruptcy an effective release from the debts of Joseph Goldberg.

Section 17 provides, " (*a*) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (3) have not been duly scheduled in time for proof and allowance with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; " section 7 of the act requires that " (*a*) The bankrupt shall . . . . (8) prepare, make oath to, and file in court within ten days, . . . . a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail; and a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration

thereof, the security held by them, if any, and a claim for such
exemption as he may be entitled to, all in triplicate, one copy
of each for the clerk, one for the referee, and one for the trus-
tee."

The appellant concedes that the description in the schedule
is, perhaps, not precise, in that it describes the security as the
bond and mortgage of Mrs. Augusta Goldberg, and does not
specifically state that Joseph Goldberg was a joint obligor with
his wife.   It is apparent that the designation of Augusta Gold-
berg, who was not a party to the bankruptcy proceeding, was
not a compliance with the bankruptcy act, which required a
debtor to give a particular schedule.

The purpose of inserting the names of creditors is to give to
them and to the trustee full, accurate and early information
as to the condition of the estate ; the provisions of subdivision 3
are new and form one of the most important changes made
by the bankruptcy law of 1898 from former acts of con-
gress.   The preponderance of authority under the act of 1867
was that jurisdiction in bankruptcy proceedings, and also in
the special proceeding to grant a discharge, did not depend on
the correctness of the schedules, nor even on the giving of
notice to the creditors, but on the petition and adjudication.
Under that act a discharge, duly granted by a court having
jurisdiction of the bankrupt, was a release of all provable
debts (other than the excepted ones), whether or not they ap-
peared on the schedules, and whether or not the creditors
received personal notice of the proceedings in bankruptcy or of
the application for a discharge.   The rule was that in a case
where the court had jurisdiction to grant a discharge which
would be a release of omitted claims held by creditors who do
not have personal notice of the proceedings in bankruptcy,
applies equally under the present law, for though these cred-
itors have not been served with notice, yet if they have actual
knowledge of the proceedings, their claims are released by the
discharge ; but unless they do have actual notice or personal
knowledge, then their claims, if omitted from the schedule are,
by the present law, unaffected.   In this latter respect the act
is diametrically opposed to the act of 1867 : Collier on Bank-
ruptcy (3d ed.), pp. 197, 198 ; Loveland on Bankruptcy, pp. 216,
225, 226.    There is nothing in the offer to prove that this plain-

tiff had actual notice or personal knowledge of the proceedings, and if the facts stated, in answer to the rule to show cause why the judgment should not be opened, were susceptible of proof, a good reason would be suggested for making the description of the creditor so uncertain as to thwart its contesting the discharge of the debtor. The bankrupt made the schedule in such a way as not to convey notice that he was the debtor, and he must have known that the description was misleading, if not deceptive. Although he is bound to the exercise of good faith in order to secure the benefits and exemptions of the bankruptcy act, the offer as made caused the schedule to fail to show that it was the debt of Joseph Goldberg. There being no offer to prove that the plaintiff had actual notice or personal knowledge of the proceeding in bankruptcy, the evidence was properly excluded, and as the plaintiff had made out a prima facie case, it was entitled to the verdict as directed by the court.

The assignments of error are not sustained and the judgment is affirmed.