## Lipschutz Bros. *v.* Kostoff, Appellant.

*Negotiable Instruments—Promissory Notes—Bankruptcy.*

In an action of assumpsit on a promissory note the defense advanced was that after incurring the obligation the defendant had

been discharged in bankruptcy. The record showed that the debt was not scheduled, and the plaintiffs testified that they had neither notice nor knowledge of the bankruptcy proceedings, and the court found that fact in accordance with their testimony. The debt was, therefore, not discharged by the bankruptcy proceedings, and a judgment in favor of the plaintiff will be sustained.

Argued December 10, 1924. Appeal, No. 303, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Feb. T., 1924, No. 12, in favor of the plaintiff, in the case of Morris Lipschutz and Nathan Lipschutz, trading as Lipschutz Bros., v. Joseph Kostoff. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on promissory note. Before BONNIWELL, J., without a jury.

The court entered judgment in favor of the plaintiff in the sum of $78.80. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion and for judgment non obstante veredicto.

*Maurice G. Weinberg,* for appellant.

*Samuel Lipschutz,* for appellee.

OPINION BY LINN, J., March 16, 1925:

Defendant appeals from judgment against him in a suit on a promissory note. The only defense was that after incurring the obligation, he had been discharged in bankruptcy. Jury trial was waived. Inspection of the bankruptcy schedules in the record in the light of the other evidence, shows that the debt in suit was not scheduled; while among "creditors holding securities" a firm name the same as plaintiffs,' was scheduled as a creditor,—(1) the creditors' address was not that of plaintiffs, (2) the amount of the scheduled note was not the amount of the note in suit, and (3) the date was

different; in short, the scheduled debt was obviously not the debt in suit. The plaintiffs testified they had neither notice nor knowledge of the bankruptcy proceedings and the court found that fact in accordance with their testimony. The debt was therefore not discharged by the bankruptcy proceedings: section 17, (3) Acts July 1, 1898, c. 541, 30 stat. 550; Feb. 5, 1903, c. 487, section 5, 32 stat. 798; March 2, 1917, c. 153, 39 stat. 999; Barnes Federal Code section 9101; Kreitlein v. Ferger, 238 U. S. 21.

Judgment affirmed.