JAMES NEISH, Plaintiff, *v.* JOHN H. DOYLE, Defendant.

Supreme Court, Chenango County, May 2, 1932.

*Hubert L. Brown,* for the plaintiff.

*Bray & Ryan,* for the defendant.

PERSONIUS, J.   About February 15, 1929, the defendant was discharged in bankruptcy.   The plaintiff held defendant's notes given before the bankruptcy proceeding.   In November, 1930, the plaintiff sued the defendant on said notes.   The defendant did not appear or answer.   His attorneys did write the plaintiff's attorney calling attention to the bankruptcy proceedings and discharge. In February, 1931, the plaintiff entered judgment by default.

On the hearing of this motion the parties argued the necessity of pleading the defendant's discharge as an affirmative defense. No attention was given to section 150 of the Debtor and Creditor Law (as amd. by Laws of 1922, chap. 77).

That a discharge in bankruptcy must be pleaded as a defense seems to be well settled.   (Collier Bankruptcy [13th ed.], 639, citing *Schreiber* v. *Garden,* 152 App. Div. 817; 3 Abbott Forms of Pleadings [3d ed.] 2516.)

But section 150 of the Debtor and Creditor Law provides in part as follows: " At any time after one year * * * the bankrupt * * * may apply * * * to the court in which a judgment was rendered against him * * * for an order, directing the judgment to be canceled * * *. If it appears upon the hearing that he has been discharged from the payment of that judgment *or the debt upon which such judgment was recovered,* an order *must* be made directing said judgment to be canceled and discharged of record; * * *."

Does this section apply to a judgment obtained and entered after the discharge in bankruptcy as well as to a judgment obtained before the discharge? It seems to apply to a judgment entered after the discharge in an action commenced before the bankruptcy proceeding (*Walker* v. *Muir,* 194 N. Y. 420), and also to a judgment entered after the discharge, in an action commenced after the discharge. (*Rukeyser* v. *Tostevin,* 188 App. Div. 629.)

Section 150 is mandatory and if the debt upon which this judgment was recovered has been discharged, the judgment must be canceled and discharged.

Was the debt discharged? Concededly it was not scheduled, but the defendant claims that the plaintiff had " notice or actual knowledge of the proceedings in bankruptcy." If the plaintiff had such notice and knowledge, the debt was discharged. (Bankruptcy Law, § 17, subd. 3; U. S. Code, tit. 11, § 35.)

The defendant's affidavits allege that he told the plaintiff, prior to the bankruptcy proceeding, that he was " about to file a petition in bankruptcy " and that he " was going to file this petition." This the plaintiff denies and says in substance that he had no notice or knowledge that the defendant had filed a petition in bankruptcy.

Notice or actual knowledge of the bankruptcy proceeding must have come to the creditor in time for him to avail himself of the benefit of the law and to participate in the administration of the bankrupt's estate in the bankruptcy proceeding. (*Birkett* v. *Columbia Bank,* 195 U. S. 345, affg. *Columbia Bank* v. *Birkett,* 174 N. Y. 112.) As to the character of the notice required, see *Wheeler* v. *Newton* (168 App. Div. 782, 786).

Whether the plaintiff had any notice or knowledge of the bankruptcy proceeding and, if he did, whether it was sufficient, and when it was received, are questions that should not be determined on affidavits. They should be determined upon a trial of the action or upon a reference upon this motion.

I think it would be best on the plaintiff's motion for such other and further relief as may seem just and proper, that the defendant's

default in failing to answer be opened upon the payment of fifteen dollars costs and disbursements of entering the judgment, and that the defendant be permitted to answer, setting up his discharge in bankruptcy, to the end that these questions may be tried and determined in the regular way.

Submit order accordingly.