## Lancaster Loan Company v. Weien

*Bard & Brown*, for plaintiff; *E. M. Gilbert*, for defendant.

Atlee, P. J., July 21, 1933.—The petition of Paul Weien avers that on June 26, 1929, he gave to Lancaster Loan Company a judgment for $300, which was entered to April Term, 1933, No. 9, on January 17, 1933. On the same day,

execution was issued thereon, and a levy was made upon the property of the defendant in the Borough of Marietta, this county. The petition then recites that on February 17, 1930, the defendant filed a petition in voluntary bankruptcy in the district court of the United States. After the adjudication and settlement of his estate, the defendant was discharged as a bankrupt on January 19, 1931. The defendant avers that Lancaster Loan Company was the holder of this judgment at the time that he was adjudicated a bankrupt and discharged, and could have, and should have, presented its claim for payment in the bankrupt estate. For this reason the defendant asks that the judgment be struck off or opened.

The answer of the Lancaster Loan Company avers that it had no knowledge of the bankruptcy proceedings, never received any notice concerning the bankruptcy proceedings, and further that the defendant failed to include the instant debt in the schedules filed in the bankruptcy proceedings. There is a further averment that the bankrupt reaffirmed and acknowledged the debt by paying on June 15, 1931, the sum of $5 and agreeing to pay the balance in full.

Depositions have been taken on behalf of both parties. From these depositions it appears that the bankrupt estate notice was advertised in the Lancaster New Era and the Lancaster Law Review in accordance with the law, but that the claim of Lancaster Loan Company was not included among the list of creditors Weien was supposed to file. In fact, Weien testified that the claim of Lancaster Loan Company was not on his books and that his bookkeeper made up his schedules from his books. Weien denies making any payments after he was adjudicated a bankrupt and specifically says that he never made the payment of $5 alleged by the plaintiff to have been made on June 15, 1931. He further testified that his aunt, Mrs. Funke, paid the sum of $5 to Lancaster Loan Company, but that it was paid without his authorization. Mrs. Funke testified that she paid different bills for her nephew and paid this $5 because the collector came around so often and that she thought she would get it back from Paul. She testified that Weien had not told her to make any payments. Weien further testified that he never promised to pay the plaintiff the amount of the judgment. The depositions on behalf of the plaintiff show that the plaintiff received no notice of the bankruptcy proceedings.

A careful examination of the depositions indicates to the court that after Weien was discharged in bankruptcy there was not sufficient identification of the debt by Weien and that there was not sufficient promise on his part to revive the debt.

This leaves open the question: "Was the debt discharged?" Undoubtedly the debt was not scheduled, but the defendant claims that the plaintiff had "notice or actual knowledge of the proceedings in bankruptcy." If the plaintiff had such notice and knowledge the debt was discharged: Bankruptcy Act, sec. 17; 11 U. S. C. § 35. Notice or actual knowledge of the bankruptcy proceeding must have come to the creditor in time for him to avail himself of the benefit of the law and to participate in the administration of the bankrupt estate in the bankruptcy proceeding: Birkett v. Columbia Bank, 195 U. S. 345; Neish v. Doyle, 143 Misc. 694, 256 N. Y. Supp. 896, 897. As to the practice to be followed in the instant proceeding, whether the plaintiff had any notice or knowledge of the bankruptcy proceeding and, if he did, whether it was sufficient, and when it was received, are questions that should not be determined on depositions in a proceeding like this. The questions here involved should be determined by a trial: Neish v. Doyle, supra, 898. See also Lipschutz Bros. v. Kostoff, 85 Pa. Superior Ct. 175, 177; Fifth Avenue Building and Loan Association v. Goldberg, 22 Pa. Superior Ct. 197.

Consequently the court now discharges the rule to show cause why the judgment should not be struck off and make absolute the rule to show cause why the judgment should not be opened and the defendant let into a defense.

Upon the trial of the issue now granted, before a jury, the question for determination by them will be whether the plaintiff in this judgment had any notice or knowledge of the bankruptcy proceedings, with the matter of the sufficiency of such notice and the time when such notice was received as questions also to be decided by the jury on trial of the issue.

The rule to show cause why the judgment should not be struck off is discharged. The rule to show cause why the judgment should not be opened is made absolute, the levy to remain a lien, etc.

From George Ross Eshleman, Lancaster, Pa.