In the Matter of the Application of LOUIS FISCHER for a Cancellation of a Certain Judgment Procured by One NATHAN BALLIN on or about January 30, 1933.

Municipal Court of New York, Borough of Manhattan, First District, October 4, 1934.

*William Walzer*, for the applicant.

*Nathan Ballin, pro. se.,* opposed.

Eder, J. Section 150 of the Debtor and Creditor Law, so far as here pertinent, provides:

" § 150. Discharge of bankrupt from judgment. At any time after one year has elapsed since a bankrupt was discharged from his debts, pursuant to the acts of congress relating to bankruptcy, the bankrupt, \* \* \* may apply, upon proof of the bankrupt's discharge, to the court in which a judgment was rendered against him, \* \* \* for an order, directing the judgment to be cancelled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order must be made directing said judgment to be cancelled and discharged of record."

On March 18, 1933, the applicant was adjudged a bankrupt by the United States District Court for the Eastern District of New York, upon a voluntary petition filed by him. He thereafter duly made application to said court for his discharge in bankruptcy and on June 23, 1933, was granted a discharge "from all debts and claims which are made provable by said Act against his estate, and which existed on the 18th day of March, A. D., 1933, on which day the petition for adjudication was filed by him; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

The respondent and judgment creditor recovered a judgment in this court against the applicant on January 30, 1933, in the sum of $141.72, apparently on a cause of action for professional services. The movant alleges and it is not disputed that when he filed his schedules in the bankruptcy proceeding he did not list the respondent as a creditor, because he was not then aware and had no knowledge that the respondent had entered a judgment against him in this court and that he first became aware and learned of the existence of this judgment on June 20, 1933, whereupon his attorney immediately wrote to the respondent advising him of the fact that the applicant had been adjudged a bankrupt and that his application for discharge would come on for hearing on June 23, 1933.

The respondent answered by letter on the following day acknowledging receipt of the notice of the pendency of the bankruptcy

proceeding, but took the position that as he had not been scheduled by the applicant as a creditor, he did not regard his judgment recovered against the applicant as affected by any discharge which might be granted to him in bankruptcy proceedings, " because Mr. Fischer did not schedule my judgment he is not discharged."

More than a year having elapsed since the discharge was granted to the applicant he now applies to this court, pursuant to section 150 of the Debtor and Creditor Law, to cancel and discharge the afore-mentioned judgment, and the sole ground of opposition offered by the respondent is that as he was not listed in the schedules as a creditor and his judgment was not scheduled, the discharge in bankruptcy granted to the applicant does not affect or release the judgment. This is clearly an erroneous view.

Section 57, paragraph n, of the Bankruptcy Act (U. S. Code, tit. 11, § 93), so far as here relevant, and entitled " Proof and Allowance of Claims," provides: " Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication."

As stated, the applicant was adjudged a bankrupt on March 18, 1933, so that the respondent had until September 18, 1933, to file and prove his claim against the applicant in the bankruptcy pro-ceeding. This opportunity he deliberately forewent because of his view that the omission to schedule him as a creditor and to list his debt did not subject his judgment and debt to the provisions of the Bankruptcy Act.

When the application for discharge came on for hearing, the respondent still had ample time to file and prove his claim. His viewpoint that this was unnecessary unless he was scheduled is not sustained by authority; the law is distinctly to the converse.

Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35), entitled " Debts not affected by a discharge," so far as here material, provides: " A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, *unless such cred-itor had notice or actual knowledge of the proceedings in bankruptcy.*"

Here it is undisputed that the respondent had notice and actual knowledge of the proceedings in bankruptcy in time for proof and allowance of his claim. When that fact appears and the bankrupt deliberately foregoes the opportunity to file his proof of claim and obtain allowance thereof, he cannot be heard to assert that the omission to formally include him in the schedules prevents the discharge in bankruptcy operating against the debt.

Prof. J. G. M. Browne, in his admirable work on " Bankruptcy Law and Procedure," in chapter XLIX, Discharge, Effect, in sec-

tion 223, dealing with a discharge in bankruptcy as a release of debts not scheduled, correctly expounds the law as follows: " A discharge in bankruptcy does not release a bankrupt from *all* his debts, regardless of their nature; nor does it operate without limitation. On the contrary, its scope and effect are distinctly limited by the Act itself to this extent, that a discharge in bankruptcy releases the bankrupt only from all of his *provable* debts which existed on the day the petition for adjudication was filed. * * * Moreover debts incorrectly scheduled are not released by the discharge; also, debts not scheduled are not released by the discharge, unless it appears that the creditor not scheduled had notice or actual knowledge of the proceedings in time to prove his claim; if that is the fact the debt is discharged *even though it was not scheduled.*"

This statement of law is supported by ample authority. (*Hanover Nat. Bank* v. *Moyses*, 186 U. S. 181; *Villar & Co.* v. *Conde*, 30 F. [2d] 588.)

As the respondent here had actual notice and knowledge of the pendency of the bankruptcy proceeding in ample time to prove his claim, the omission to list him in the schedules in bankruptcy did not prevent the discharge from becoming operative against him and the judgment which he recovered; having such actual notice and knowledge, " the debt is discharged even though it was not scheduled."

It follows from the foregoing that the ground of opposition asserted by the respondent is wholly lacking in legal stability and the motion to cancel and discharge the judgment is granted as prayed for. Submit order.