MURRAY HILL FARMS DAIRY, INC., Respondent, *v.* JOHN A. LEKAS, Appellant.

Supreme Court, Appellate Term, First Department, January 25, 1946.

*Joseph L. Lefkowitz* for appellant.

*Martin Gottlieb* and *Nathaniel Casden* for respondent.

MEMORANDUM *Per Curiam.* The plaintiff corporation having gone out of business at 333 East 24th Street, New York City, the defendant could not be expected to know that its new address was at the home of its secretary at 41–18 50th Street, Woodside, New York City. He listed the plaintiff in his schedule of bankruptcy at the only available address he had, the last one known to him. The referee sent notice by letter, which was not returned. A denial by the plaintiff is not sufficient. It must show that the letter was not, in fact, mailed (*Amster* v. *Mayer,* 240 App. Div. 971, affd. 265 N. Y. 452).

The order dated August 31, 1945, should be reversed, with $10 costs, and motion granted.

The appeal from the order dated August 16, 1945, should be dismissed.

EDER, J. (dissenting). I am unable to concur for reversal. Clause (8) of subdivision a of section 7 of the Bankruptcy Act (U. S. Code, tit. 11, § 25, subd. [a], cl. [8]) requires the bank-

rupt to file in his schedules a list of his creditors, showing their residence, if known, or if unknown, that fact to be stated. Accuracy in stating the correct address is of high importance, as the purpose of this requirement is to enable the creditors to have notice of the bankruptcy proceedings and be enabled to participate therein. If the appellant did not know, with certainty, the true and correct address of the creditor Murray Hill Farms Dairy, Inc., it was his duty to list it as unknown, setting forth that he had made diligent effort to ascertain the creditor's correct address, but without success, setting forth the facts constituting the diligent effort, and then list the address as "unknown". Here, he did not do so; instead, he deliberately listed the creditor's address as " # 333 E. 24th Street, Borough of Manhattan, New York City ". The uncontroverted fact is that the creditor went out of business in September, *1930,* whereas the appellant went into bankruptcy in September, *1933;* thus, for a period of three years prior to the date of the filing of the petition the creditor was not at that address, as listed, and has never been located there since September, 1930. It also appears that neither the creditor nor its assignee ever had any actual notice or knowledge of the bankruptcy proceedings and only learned of the same in July, *1945,* when the motion papers herein were served to cancel the judgment of record.

The address listed in the schedules being an incorrect one and there being no proof that it was the correct address of the creditor, and no proof whatever that the appellant made any effort, i.e., diligent effort, to ascertain the correct address of the creditor, and there being no proof that the creditor or its assignee ever had any actual notice or knowledge of the bankruptcy proceedings prior to July, 1945, the appellant's discharge in bankruptcy did not affect this debt and it was not discharged (Bankruptcy Act, § 17, subd. a, cl. [3]; U. S. Code, tit. 11, § 35, subd. [a], cl. [3]; *Salmon* v. *Sarno.* 265 App. Div. 114; *Hyde Park Flint Bottle Co.* v. *Miller,* 179 App. Div. 73; *Horbach* v. *Arkell,* 172 App. Div. 566; *Matter of Fischer,* 153 Misc. 29).

The appellant chose to rely on chance that he was correctly listing the creditor's address at " # 333 E. 24th St. N. Y. City ", and having erred must accept the consequences.

The court below properly denied the motion and the order appealed from should be affirmed, with costs.

HAMMER and McLAUGHLIN, JJ., concur in memorandum *Per Curiam;* EDER, J., dissents in opinion.

Order reversed, etc.