Carrollton A. Roberts, J.
This is a trial without jury to determine whether a creditor whose debt admittedly was not scheduled in a bankruptcy petition is nonetheless discharged by reason of alleged actual knowledge of the petition.
Paragraph (3) of subdivision (a) of section 17 of the National Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [3]) excepts from the operation of the discharge all provable debts which “have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the *632 proceedings in bankruptcy (1 Collier, Bankruptcy, [14th ed.], par. 17.23.)
Subdivision (f) of section 21 provides that a certified copy of the discharge “ shall be evidence of the jurisdiction of the court, the regularity of the proceedings, the fact that the order or decree was made, and the contents thereof”. (U. S. Code, tit. 11, § 44, subd. [f].) (Kreitlein v. Ferger, 238 U. S. 21, 26.)
Thus, ‘ ‘ when the bankrupt has put the certified copy of the order of discharge in evidence he has established a prima facie defense to any suit against him based on a debt existing at the time of the filing of his petition.” (1 Collier, Bankruptcy [14th ed.], par. 17.23, p. 1696.) Once this is done “ the debtor is discharged subject to an exception, and one who would bring himself within the exception must offer evidence to do so.” (Hill v. Smith, 260 U. S. 592, 595.) If the creditor proves that his indebtedness in fact was not scheduled, the burden of proof then shifts to the debtor to demonstrate that the creditor had notice or actual knowledge of the proceedings. As stated by the court in Hill v. Smith (supra, p. 595): “ but, there is an exception to the exception, ‘ unless the creditor had notice, ’ etc., and, by the same principle if the debtor would get the benefit of that he must offer evidence to show his right. We agree with the Court below that justice and the purpose of the section justify the technical rule that if the debtor would avoid the effect of his omission of a creditor’s name from his schedules he must prove the facts upon which he relies.”
It is required that the debtor demonstrate actual rather than imputed or constructive knowledge on the part of the creditor. “ The statute requires that the plaintiff should have 1 had notice or actual knowledge, ’ and the rule is well established that where a statute requires notice to be given, and there is nothing in the context of the statute, or in the circumstances of the case, to show that any other notice was intended, a personal notice must always be given.” (Wheeler v. Newton, 168 App. Div. 782, 786.) It is not required that a written notice be served upon the creditor and facts occurring either before or after the institution of the proceedings are competent to establish the knowledge; in fact, a verbal communication is sufficient. (1 Collier, Bankruptcy, [14th ed.], par. 17.23, pp. 1692-1693; Kaufman v. Schreier, 108 App. Div. 298; Morrison v. Vaughan, 119 App. Div 184.) Actual notice to an authorized agent of the creditor is also sufficient. (Matter of Keefauver v. Hevenor, 163 App. Div. 531.)
However, as stated in Collier at page 1695 “ actual knowledge of the proceedings contemplated by this section of the Act is a *633 knowledge received in time to allow a creditor to prove his claim and to avail himself of an equal opportunity with other creditors to participate in the administration of the affairs of the estate.” (See, also, Matter of Fischer, 153 Misc. 29; Neish v. Doyle, 143 Misc. 694.)
Having stated the rules of law applicable to this proceeding, we turn now to the testimony. It is not disputed that on or about the 25th day of May, 1961, defendant, Dolores Pearl, duly filed a petition in bankruptcy in the United States District Court for the Southern District of Florida. Prior thereto, both the defendant’s husband and a close corporation of which he was the controlling shareholder had filed bankruptcy petitions. The schedules for the husband and the corporation included the debt now sued upon by the plaintiff Lincoln Rochester Trust Company of Rochester. The testimony also tends to establish that both the estates of the husband and wife in bankruptcy were no asset cases.
Through inadvertence the debt of the Lincoln Rochester Trust Company was omitted from the bankruptcy schedules submitted with the petition of the defendant. There was testimony at trial on behalf of the defendant by Cecil S. Pearl, her husband, that he visited the Lincoln Rochester Trust Company within two or three days after May 25, 1961, and at that time he informed a person believed by him to be a Mr. Countryman at Lincoln Rochester Trust Company that his wife had filed a petition in bankruptcy and that he would appreciate it if the bank would not write her in regard to collecting the debt insofar as her discharge presumably would eliminate the debt. While this particular conversation was denied by Mr. Countryman, he did admit that as part of his job during that period he often was out of the office and that if someone had asked for him at a time when he was not in, the person would be referred to another party in the Lincoln ¡office. The thrust of the testimony is simply this: the defendant’s witness testified without contradiction that he spoke to someone at Lincoln Rochester Trust Company and thought that the person was a Mr. Countryman. Mr. Countryman testified that it was not he who had been contacted by the defendant’s husband but he did add that in his absence defendant’s husband might well have spoken to someone else. It appears to this court that the defendant’s version has been qualified but not contradicted. There has been no testimony on behalf of the plaintiff to indicate that the defendant in fact did. not visit Lincoln at the time he testified he did. In fact, plaintiff’s failure to commence proceedings until October of 1966 to collect the debt is a circumstance tending to establish *634 the contrary. This being the case, the court is constrained to find that plaintiff through an employee, Mr. Countryman, or another, was informed of the bankruptcy of the defendant; accordingly, the discharge would also bar the debt of the Lincoln Rochester Trust Company upon which the complaint in this action is based.
The court would also note that the defendant’s bankruptcy estate admittedly was a no asset case. While a discharge in bankruptcy is an affirmative defense only by operation of law, the fact that the estate was without assets would seem to be of some importance in judging the severity of the burden of proof to be imposed upon a bankrupt who seeks to apply the discharge to a debt omitted from his bankruptcy schedules on the ground of alleged actual knowledge.
The affirmative defense therefore is sustained apd the complaint dismissed.