**In re Jerry E. LITTLEFIELD, Debtor.**

**Bankruptcy No. 280–00404.**

United States Bankruptcy Court,
D. Maine.

Jan. 22, 1982.

Albert Boothby, Jr., Brunswick, Me., for debtor.

Michael T. Hertz, Fullerton, Lang, Richert & Patch, Fresno, Cal., for trustee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

This Debtor seeks to reopen his Chapter 7 case and to amend his schedules to add his

---

former spouse as a creditor. His ultimate purpose is to obtain a determination by this court that his obligation to his former spouse, which arises out of a State Court divorce judgment, was discharged in his bankruptcy proceeding.

The Debtor's motion to reopen must be denied.

On March 25, 1978, the Debtor and his spouse obtained a home improvement loan from Maine National Bank. On January 18, 1980 the Debtor's spouse was granted a judgment of divorce by a State Court.[1] The divorce judgment incorporated stipulations signed by both parties and filed with that Court. The stipulations, among other things, provided that:

8. Husband agrees to assume sole financial responsibility for discharging a home improvement loan currently owed to the Maine National Bank. Husband shall indemnify the wife against any liability on said loan.

The Debtor filed his Chapter 7 petition with this Court on August 19, 1980. In his schedules he listed the home improvement loan owing to the Bank as an unsecured debt. He failed to list any obligation to his former spouse. The Debtor received his discharge on April 17, 1981 and the case was closed on June 24, 1981.

The Bank has recovered a judgment in the amount of $2,342.58 against the Debtor's former spouse for non-payment of the home improvement loan. On June 3, 1981 the Debtor's spouse filed a motion with the original divorce court for enforcement of the divorce judgment, in particular, Paragraph 8 of the Stipulations, which deals with the home improvement loan. On July 23, 1981, after a hearing on the motion, the State Court ordered that:

The Defendant (Debtor) pay or indemnify the debt due Maine National Bank or provide satisfactory assurance to the Plaintiff and her attorney by August 27, 1981 that the Defendant has indemnified the Plaintiff of said debt or he will be in contempt of the divorce judgment of this Court dated January 20, 1980.

1. Maine District Court, District 10, Division of Southern York.

## DISCUSSION

Section 350 of the Bankruptcy Code [11 U.S.C. § 350] as pertinent provides:

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Section 523 of the Bankruptcy Code, as pertinent, provides:

(a) A discharge under . . . this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

    .        .        .        .        .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud . . .

(3) neither listed nor scheduled . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

(7) . . .

(8) . . .

(9) . . .

Section 523(c) of the Code grants to the Bankruptcy Court *exclusive* jurisdiction to determine the dischargeability of those debts specified in Section 523(a)(2), (4), and (6).

As to all of the other grounds for exception to discharge contained in Section 523(a) the Bankruptcy Court has *only concurrent* jurisdiction with other courts of competent jurisdiction.

The State District Court is a court of competent jurisdiction for determination of the dischargeability of the Debtor's obligation to his former spouse arising out of that Court's divorce judgment. This is so whether the court's order was predicated on the Debtor's failure to list his wife's claim on his bankruptcy schedules, [Section 523(a)(3)], or on the basis that the debt is in the nature of alimony, maintenance, or support. [Section 523(a)(5)]. *See* 3 Collier on Bankruptcy, ¶ 523.13[9] and ¶ 523.15[6] (15th ed. 1981), at 523–93 and 523–112 to 114.

The Debtor's obligation to his former spouse has been found to be nondischargeable by a court of competent jurisdiction, which Court certainly has more expertise than this Bankruptcy Court with divorce cases.

In some cases there may exist unusual circumstances which would justify reopening a case in order to secure or preserve the debtor's discharge. *See Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). No such unusual circumstances exist here.

An appropriate order will be entered.