**William G. PETRICH, d/b/a Petrich Insulation, Inc., Respondent,**

v.

**Bob DYKE, individually and Bernhart Construction, Inc., Appellants.**

No. C4-87-1904.

Court of Appeals of Minnesota.

March 1, 1988.

P. James Taurinskas, South St. Paul, for respondent.

Richard A. Grayson, St. Paul, for appellants.

Considered and decided by CRIPPEN, P.J., and HUSPENI and SCHUMACHER, J., without oral argument.

## OPINION

SCHUMACHER, Judge.

The issue presented in this case is whether the trial court erred in refusing to vacate a default judgment entered after defendant (now appellant) failed to respond to some of plaintiff's (now respondent's) requests for discovery.

## FACTS

Respondent William Petrich brought suit against appellant Bob Dyke and Bernhart Construction, Inc. for payment for insulation services.

Petrich claims that after he filed suit against appellant he made a number of attempts to hold depositions and to get relevant documents from Dyke. At Dyke's request the first deposition was rescheduled. According to Petrich, Dyke did not appear on the scheduled date and refused to allow discovery or to provide the requested documents. Petrich then moved for an order compelling discovery.

On January 14, 1987, the trial court issued an order compelling discovery, requiring appellant to appear at a deposition within 20 days. On February 3, 1987, appellant appeared for a scheduled deposition at Petrich's attorney's office. The court reporter was delayed because of a snowstorm, and appellant left after waiting an hour.

On February 19, Petrich served on appellant written interrogatories and demands for production of documents, as agreed at the deposition. On March 30, Petrich sent a follow-up letter to appellant requesting answers, and informed appellant that if he didn't respond by April 10 Petrich would seek a default judgment. On April 10, Dyke left a message with Petrich's attorney indicating he would have the answers and documents by April 17. After waiting thirty more days without hearing from Dyke, Petrich obtained a default judgment against Bernhart Construction, Inc. and Bob Dyke individually, for failure to comply with a discovery order. Minn.R.Civ.P. 37.02.

The trial court denied Dyke's motion to vacate the default judgment. Dyke appeals only the judgment against him individually, on the ground that he is not personally liable for the construction company's debts.

## ISSUE

Did the trial court err in refusing to vacate the judgment against Bob Dyke individually?

## ANALYSIS

■ The decision whether to vacate a judgment was largely within the trial court's discretion and that decision will not be reversed absent a clear abuse of discretion. *Valley View, Inc. v. Schutte,* 399 N.W.2d 182, 184 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Mar. 18, 1987). Reopening of default judgments is to be liberally undertaken, however, so that disputes can be resolved on their merits. *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952).

■ To justify vacating the default judgment, appellant must show (1) a reasonable defense on the merits; (2) a reasonable excuse for his failure or neglect to act; (3) that he has acted with due diligence after notice of entry of default judgment; and (4) that no substantial prejudice will result to the opposing party. *Galatovich v. Watson,* 412 N.W.2d 758, 760 (Minn.Ct.App. 1987).

This court has required that the relative weakness of one factor should be balanced against a strong showing on the other three. *Valley View, Inc.,* 399 N.W.2d at 185.

■ Appellant's strongest argument is that there is a legitimate issue as to whether he should be held personally liable. Appellant claims that he has never contracted for construction under his own name, and that he signed the insulation bid with Petrich in his usual manner: "Bernhart Construction, by Bob Dyke." Appellant contends that he knows how to protect himself with the corporate entity and that he took appropriate measures to do so in this case.

Appellant has an excuse for the February 3 court-ordered deposition in that he appeared and waited for a reasonable amount of time, and through no fault of his own the deposition could not be held. On other occasions alleged by respondent, appellant has no reasonable excuse for failure to appear or respond to discovery or deposition requests.

Appellant acted with due diligence, moving to vacate less than a week after the judgment was entered.

Finally, no prejudice to respondent is apparent other than his costs and the minimal prejudice inherent in every delay. *Vrooman Floor Covering Inc. v. Dorsey,* 267 Minn. 318, 320, 126 N.W.2d 377, 378 (1964).

Vacation is compelled where there is any issue that should be litigated. In this case the assessment of costs would have been more appropriate than the denial of the motion to vacate. We remind the trial court that the goal of all litigation "is to bring about judgments after trials on the merits." *Sommers v. Thomas,* 251 Minn. 461, 468, 88 N.W.2d 191, 196 (1958).

## DECISION

We reverse and remand the trial court decision denying vacation of the default judgment against Bob Dyke, individually, because he has made a strong showing that he has a reasonable defense on the merits, has acted with due diligence after notice of the judgment, and that no substantial prejudice will result to Petrich.

Reversed.