WILLOWS CONVALESCENT
CENTERS, INC., Respondent,

v.

Donald Melvin DURHEIM, Appellant.

No. CX–88–1447.

Court of Appeals of Minnesota.

Jan. 24, 1989.

Ann M. Ladd, Frederickson & Byron, Minneapolis, for respondent.

Arlen A. Logren, Castor, Klukas, Scherer & Logren, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and KALITOWSKI and BOWEN *, JJ.

## OPINION

BOWEN, Judge.

Appellant seeks review of the trial court's order denying his motion to vacate a default judgment. We affirm.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

In July 1984, Donald Durheim (appellant), Melvin Durheim, and Willows Convalescent Center (respondent) entered into an agreement by which respondent agreed to continue to provide nursing care to Melvin and appellant agreed to be responsible for all charges.

Appellant filed a Chapter 7 bankruptcy in August 1984. He did not list or schedule respondent as a creditor. A discharge order was entered in December. Appellant claims he notified respondent of the contemplated bankruptcy in July; for purposes of our decision in this case, we assume this claim to be true. Respondent claims its first notice was that of the discharge in January 1985, and appellant concedes no notice was given between July and January.

In November 1984, respondent made several attempts to collect payment of outstanding bills owed by appellant. Respondent sued appellant for the charges in May 1987. Appellant failed to answer and default judgment was entered against him for approximately $11,000. The parties unsuccessfully pursued settlement negotiations until March 1988. Respondent subsequently garnished appellant's wages and bank account.

In May, appellant moved to vacate the default judgment. The trial court denied the motion, ruling that appellant failed to make an adequate showing of a reasonable defense on the merits, or reason for the delay from the entry of default judgment to the motion to vacate. Appellant challenges the order denying his motion to vacate judgment.

## ISSUES

1. Did the trial court have jurisdiction to determine the dischargeability of the debt owed to respondent?

2. Who bears the burden of proof to establish discharge in a civil action?

3. Is verbal notice which does not inform the creditor of the commencement and location of the bankruptcy proceeding sufficient to relieve a debtor from the exception to discharge under 11 U.S.C. § 523(a)(3) (1986)?

4. Did the trial court abuse its discretion in denying appellant's motion to vacate the default judgment?

## ANALYSIS

The decision to vacate a judgment is largely within the trial court's discretion and that decision will not be reversed absent a clear abuse of discretion. *Petrich v. Dyke*, 419 N.W.2d 833, 835 (Minn.Ct.App. 1988).

In order to vacate a default judgment, appellant must establish (1) a reasonable defense on the merits; (2) a reasonable excuse for failure or neglect to act; (3) that he has acted with due diligence after notice of entry of the default judgment; and (4) that no substantial prejudice will result to the opposing party. *Id.* (citing *Galatovich v. Watson*, 412 N.W.2d 758, 760 (Minn.Ct. App.1987)); *see* Minn.R.Civ.P. 60.02 (a court may relieve a party from a judgment for mistake, inadvertence, surprise or excusable neglect, or any other reason justifying relief from the operation of the judgment).

Appellant argues the trial court erred in determining that his discharge in bankruptcy did not constitute a defense on the merits.[1]

■ 1. The trial court has concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts not listed or scheduled by the debtor. *See* 11 U.S.C. § 523(a)(3) (1986); *In re Littlefield*, 17 B.R. 549, 550 (Bankr.D.Me.1982); *Pares v. Pares*, 428 F.Supp. 1005, 1006 (E.D.Wisc. 1977). The bankruptcy court entered an order discharging appellant from all debts dischargeable under 11 U.S.C. § 727(b) (1986). Section 727(b) excepts from discharge those debts which fall under section

---

**1.** While the trial court did not specifically state that it determined the debt to be excepted from discharge, it offers no other explanation for its

conclusion that appellant failed to establish a meritorious defense.

523(a) of the Bankruptcy Code. The grounds for exception to discharge in this case are found in section 523(a)(3) which states in relevant part:

> [D]ischarge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt—
>
> > (3) neither listed or scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
> >
> > > (a) * * * timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing * * *.

11 U.S.C. § 523(a)(3) (1986). The trial court had jurisdiction to determine the dischargeability of the debt owed to respondent because appellant failed to list or schedule the debt in his bankruptcy petition.

■ 2. Under section 523(c) of the Code, a creditor is required to request a determination of dischargeability only with respect to those debts alleged to be excepted from discharge pursuant to section 523(a)(2), (4), and (6). As to debts that are nondischargeable because they were not listed or scheduled (section 523(a)(3)), no request for determination of dischargeability is required. *See Littlefield*, 17 B.R. at 550. Their nature as nondischargeable debts may be established in another forum. *Id.*

> When the creditor seeks to avoid the operation of a discharge on the grounds that his debt was not listed or scheduled in time * * *, he does not make a collateral attack or, in fact, any attack upon the discharge, but seeks merely to bring himself within the terms of section 523(a)(3) for the purpose of showing his claim is not affected by the discharge.

3 Collier on Bankruptcy, ¶ 523.13[7] (15th ed.1979); *see also In re Pope*, 101 F.Supp. 503, 506 (N.D. Ohio 1951). Thus, respondent was not obligated to request a determination of dischargeability at the trial court.

Instead, appellant bore the burden of establishing the discharge. The Supreme Court in *Hill v. Smith*, 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923) sets forth the respective burdens of the parties in bankruptcy concerning the dischargeability of debts. The Court begins by outlining the burden of the creditor claiming an exception under section 523(a)(3):

> By the very form of the law the debtor is discharged subject to an exception, and one who would bring himself within the exception must offer evidence to do so.

*Id.* 260 U.S. at 595, 43 S.Ct. at 220 (citing *Kreitlein v. Ferger*, 238 U.S. 21, 26, 35 S.Ct. 685, 686, 59 L.Ed. 1184 (1915)). The court went on to note:

> [T]here is an exception to the exception, "unless the creditor has notice," * * * and by the same principle if the debtor would get the benefit of that he must offer evidence to show his right.

*Hill* 260 U.S. at 595, 43 S.Ct. at 220.

Although the order of discharge constitutes a prima facie defense to a challenge of nondischargeability, evidence that respondent was not timely listed or scheduled rebuts the defense, and the burden shifts to appellant to establish that respondent had notice or actual knowledge of the bankruptcy.

3. Appellant argues that the exception to discharge did not apply because respondent had actual knowledge. Thus, appellant claims he established a defense on the merits and the trial court erred in denying his motion to vacate the judgment.

■ Oral notice to the creditor has been construed to be sufficient for the purpose of satisfying the debtor's burden to overcome the exception in section 523(a)(3). *See Lincoln Rochester Trust Co. v. Pearl*, 60 Misc.2d 631, 303 N.Y.S.2d 200 (1969). The notice, however, must include reference to the commencement of the bankruptcy and the location of the proceeding. *Laschover v. Audler*, 171 So.2d 834, 836 (La.1965). The court in *Moore v. Kuehn*, 602 S.W.2d 713 (Mo.Ct.App.1980) found that a creditor did not have actual notice where the debtor told him only that he was "going to file for bankruptcy." The court explained its decision as follows:

We believe that such premature, speculative information did not impose on [the creditor] the duty to take active steps to stay abreast of [the debtor's] activities but rather that [the creditor] was justified, at that point, in awaiting formal notice from the bankruptcy court.

*Id.* at 717. In *Brown v. Tucker Professional Associates,* 139 Ga.App. 740, 229 S.E.2d 541 (1976), a creditor was held not to have actual knowledge where the debtor alleged "he had filed bankruptcy," but his petition was not filed until five months later.

Appellant states by affidavit that he advised respondent in July that "he was in bankruptcy." The discharge order, however, indicates the bankruptcy petition was not filed until August 31, 1984. Appellant's notice, therefore, is insufficient to overcome the exception to discharge set forth in section 523(a)(3).

■■ 4. The court correctly concluded that appellant failed to establish the first element necessary to vacate the default judgment. In light of appellant's failure to establish a defense on the merits, a discussion of the other elements which must be shown in order to vacate the judgment is unnecessary. The decision to vacate a default judgment is discretionary and we have concluded that the trial court did not abuse its discretion in refusing to reopen the judgment.

### DECISION

The trial court had jurisdiction to determine the dischargeability of the debt because it was alleged to be excepted from discharge under section 523(a)(3) of the Bankruptcy Code. Respondent was not required to request a determination of dischargeability at the trial court, and appellant failed to meet his burden to establish that the exception to discharge did not apply. The trial court did not abuse its discretion in denying the motion to vacate the default judgment on the grounds that appellant failed to establish a defense on the merits.

AFFIRMED.