MACKEY WILLIAMS v. SAMUEL T. HUMPHREYS.

A discharge in bankruptcy may be set up in a state court to stay proceedings by execution for the collection of a judgment recovered against the bankrupt after the commencement of the proceedings in bankruptcy, and before the discharge, although the bankrupt did not, before the judgment, apply for a stay of proceedings in the suit.

On rule to show cause.

Argued at February Term, 1888, before Justices VAN SYCKEL, KNAPP and DIXON.

For the relator, *Walter A. Barrows.*

For the respondent, *Wm. E. Potter.*

The opinion of the court was delivered by

VAN SYCKEL, J.   On the 21st of August, 1874, Humphreys recovered a judgment in this court against Williams. The summons was issued July 7th, 1874.

A petition in involuntary bankruptcy was filed against Williams on the 13th day of June, 1874, and Williams was discharged as a bankrupt by a decree of the District Court of the United States for the Eastern District of Pennsylvania, made on the 14th day of April, 1879.

The question now submitted to this court is, whether Humphreys shall be restrained from further prosecuting his writ of execution for the collection of said judgment.

The case involves the effect of a discharge in bankruptcy, and the method by which the bankrupt shall avail himself of its protection.

"A discharge duly granted under the bankrupt act shall release the bankrupt from all debts, claims, liabilities and demands, which were or might have been proved against his estate in bankruptcy, and may be pleaded by a simple averment, that on the day of its date such discharge was granted to him, setting the same forth in *haec verba* as a full and complete bar to all suits brought on any such debts, claims, liabilities or demands; and the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge." *Bump on Bankruptcy, p.* 394 (*Ed.* 1871).

In this case suit was commenced after the petition in bankruptcy was filed, but the discharge in bankruptcy was not obtained until five years after judgment final was rendered in this court.

Chief Justice Ewing, in *Lloyd* v. *Ford,* 7 *Hal.* 151, says, with respect to discharges under insolvent laws: "As a general rule, a defendant is bound to plead his discharge, if obtained in season; and, if obtained *pendente lite*, he may plead it *puis darrein* continuance. If, however, the discharge is not obtained in season to be pleaded, the defendant will be allowed the benefit of it, by motion or otherwise, according to the nature of the measure taken against him, or the proceeding from which he seeks relief."

In *Lister* v. *Mundell,* 1 *B. & P.* 427, judgment was obtained and a *fi. fa.* sued out on the 13th of November, 1798.

On the 14th of the same month the defendant obtained his certificate of discharge in bankruptcy. The court subsequently interposed, in a summary way, on the application of the defendant, and restrained further proceedings to collect the judgment.

In *Palmer* v. *Hutchins,* 1 *Cow.* 42, the rule is stated to be that where the defendant has an opportunity to plead his discharge, he cannot be relieved on motion. In that case a *relicta* was given on the 3d of October, 1821 ; the defendant's discharge was obtained on the 8th of the same month, and judgment entered thereafter. The court regarded the *relicta* equivalent to a verdict, and gave summary relief to the defendant on the ground that after verdict there can be no plea. *puis darrein* continuance.

The same rule was applied in *Baker* v. *Ulster Common. Pleas,* 4 *Johns.* 191, where the judgment was contemporaneous with the discharge.

This practice was approved in *Baker* v. *Taylor,* 1 *Cow.* 165.

In *Lloyd* v. *Ford, supra,* the discharge was granted February 22d, 1825, and the judgment was regarded as of the same date. The defendant was relieved upon the ground that he had no opportunity to plead the discharge in the original suit.

The rule to show cause why execution should not be set aside was made absolute in *Francis* v. *Ogden,* 2 *Zab.* 210, where the judgment was obtained before the discharge in bankruptcy.

In *Linn* v. *Hamilton,* 5 *Vroom* 305, Mr. Justice Depue cites the English cases, and says that, " the remedy by *audita querela* having fallen into disuse, the practice has been adopted of giving relief on summary application where the person or property of a bankrupt is taken under process issued on a judgment upon which the discharge operates, and the remedy is in the court out of which the execution issues."

It is true, that pending the bankruptcy proceedings, and before the final discharge, the bankruptcy court would have enjoined the prosecution of the suit in the state court on appli-

cation of the debtor, but it was not necessary to the efficacy of his discharge from pre-existing debts that he should invoke such interference. The judgment was conclusive evidence that, at the date of its rendition, the defendant was indebted to the plaintiff to the amount for which judgment was entered. Such debt being prior to the discharge in bankruptcy, the defendant was released from it by the decree of the bankrupt court. The discharge operated with the same force upon the debt after it assumed the form of a judgment as it would have done had the debt retained its original form.

The New York Court of Appeals has decided that perpetual stay of execution will be granted on motion, where the discharge in bankruptcy is obtained after judgment. *Cornell* v. *Dakin*, 38 *N. Y.* 253; *Palmer* v. *Hussey*, 87 *N. Y.* 303.

In the latter case, suit was commenced after the petition in bankruptcy was filed, and judgment was obtained before the discharge.

The Supreme Court of the United States, in a recent case, has taken the same view, declaring that a discharge in bankruptcy may be set up in a state court to stay the issue of execution on a judgment recovered against the bankrupt after the commencement of the proceedings in bankruptcy, and before the discharge, although the defendant did not, before the judgment, ask for a stay of proceedings under *Rev. Stat.*, § 5106. 121 *U. S.* 459.

In my opinion, further proceedings for the collection of the judgment should be perpetually stayed.