[Sac. No. 360. Department One.—January 15, 1898.]

DEXTER TUTTLE, Appellant, v. GEORGE F. SCOTT, and E. F. PEART, Defendants. GEORGE F. SCOTT, Respondent.

VACATING JUDGMENT BY DEFAULT—AFFIDAVIT OF MERITS—DISCHARGE IN INSOLVENCY NOT A TECHNICAL DEFENSE.—A discharge in bankruptcy or insolvency, disclosed in an affidavit of merits upon motion to vacate a judgment by default, upon the ground of excusable neglect, is not a technical defense rendering the affidavit of merits insufficient, but, like payment or release, is a plea in bar which goes to the merits of the action, and is a defense recognized by the statute, which, when properly interposed, is effectual and conclusive; and, where the showing of excusable neglect is sufficient to justify an order vacating the judgment to let in such defense, the order must be affirmed.

ID.—NECESSITY OF PLEADING DISCHARGE FROM DEBT—RELIEF FROM JUDGMENT. The necessity of pleading a discharge from the debt sued upon in insolvency or bankruptcy, in order to prevent being bound by the judgment, does not preclude the granting of relief against the judgment, under section 473 of the Code of Civil Procedure, but the existence of the rule that a defense must be pleaded created the necessity for the enactment of that section, in order that parties bringing themselves within its provisions might be so relieved.

ID.—EXCUSABLE NEGLECT—RELIANCE UPON ADVICE OF COUNSEL.—Reliance of an insolvent debtor upon the advice of counsel as to the effect of his adjudication in insolvency, which led the insolvent to believe that the efforts of plaintiff to collect his claim as against the insolvent must be confined to the insolvent court, and to such dividends as he had there received, and which led him to pay no attention to a joint action against the defendant and another maker of the note in suit, is a sufficient excuse for his neglect to answer before judgment to justify the opening of a judgment by default to let in the defense of his discharge in insolvency.

APPEAL from an order of the Superior Court of Colusa County vacating a judgment entered upon default. E. A. Bridgford, Judge.

The excuse for neglect set forth in the affidavit of merits consisted in reliance upon the advice of his counsel that the effect of his adjudication in insolvency would be that none of his creditors could prosecute any action against him, but that all their efforts in reference to the collection of their respective claims against the affiant would be confined to the insolvent court, except such claims as were not affected by the Insolvent Act, and upon the advice of said counsel that said claim of plaintiff was affected by said Insolvent Act, and that, relying upon such advice and knowing that plaintiff had proved his claim and received his proportionate share of dividends from the estate of affiant as an insolvent debtor, he paid no attention to said action. Further facts are stated in the opinion of the court.

Ernest Weyand, and E. T. Crane, for Appellant.

U. W. Brown, and W. G. Dyas, for Respondent.

HAYNES, C.—Appeal from an order vacating a judgment entered upon default. The above-entitled action was brought in the superior court of Colusa county on October 3, 1895, to recover from the defendants the sum of sixteen hundred dollars on a promissory note. On October 21, 1895, upon petition of his creditors, Scott was adjudged an insolvent debtor. On October 26th, the plaintiff presented and proved his claim—consisting of said note—against the estate of said insolvent, and in February following received a dividend thereon of four hundred and thirty-nine dollars and seventy cents. Scott received his final discharge as an insolvent debtor on March 9, 1896. On July 10, 1896, the plaintiff in this action entered the default of both defendants and took judgment against both for the amount of said promissory note less the dividend above mentioned. Within six months thereafter, defendant Scott moved the court to set aside said judgment, as against himself, and for leave to answer, and in support thereof filed an affidavit excusing the default, and the usual statement, upon advice of counsel, that he had a good and substantial defense to said action upon the merits. The affidavit then proceeded to state the facts constituting his defense, viz., the said proceedings and discharge in insolvency, that plaintiff's claim was provable under the Insolvent Act of 1895, and was proved therein, and dividends paid thereon to the plaintiff prior to the entry of said judgment.

Appellant does not question, in his brief, the sufficiency of respondent's excuse for not answering before his default was entered. That it was sufficient, see *Douglass v. Todd*, 96 Cal. 655; 31 Am. St. Rep. 247. As said by the learned counsel for appellant, in his reply brief, "the gist of the question before us is whether the affidavit shows a meritorious defense."

It is not essential that the affidavit of merits should disclose the facts constituting the defense (*Francis v. Cox*, 33 Cal. 323), but, of course, where the facts claimed to constitute the defense are stated, and it appears therefrom that the defense sought to be made is technical, or would not, if fully pleaded, constitute a defense to the action upon the merits, the affidavit is insufficient.

Appellant concedes that, if respondent had pleaded his discharge before the default and judgment were entered, it would have been good as a plea in bar, but nevertheless contends that it is merely a technical defense.

This contention cannot be sustained. A discharge in bankruptcy or insolvency, like payment or release, is a plea in bar which always goes "to the merits or grounds of the action." The defense is one clearly recognized by the statute, and, when properly interposed, is effectual and conclusive.

Appellant cites *Nevada Bank v. Dresbach*, 63 Cal. 324, in support of his contention. The question there was disposed of in a line, the court saying: "On the motion to vacate the judgment there was no affidavit of merits." In the reporter's statement of facts it was said: "The motion was supported by affidavits, but there was no affidavit of merits apart from the statements made in relation to the proceedings and discharge in insolvency."

It is not necessary to discuss that case. The meager statement of facts, as well as the very brief statement of the court in deciding the point, precludes any intelligent comment upon the particular defect of the affidavit. It should be noticed, however, that the affidavits did disclose that the defendants had been discharged in insolvency, and the court did not decide that the judgment could not be vacated for the purpose of permitting them to plead their discharge in bar of the action, and that case does not, therefore, sustain appellant's proposition that a default will not be set aside to permit such plea. In the case before us, there is a perfect affidavit of merits, aside from the

further statement of the proceedings and discharge in insolvency, and therefore the naked question is presented whether a default, properly excused, should be set aside to permit such plea.

In *Rahm v. Minis*, 40 Cal. 421, a judgment was entered against Rahm after his discharge in insolvency, and suit was prosecuted by him to enjoin the defendant, Minis, as sheriff, from levying an execution issued on such judgment. The court held that he might have moved for relief from the judgment under section 68 of the practice act (section 473 of the Code of Civil Procedure), if he could show that the judgment was taken against him through his mistake, surprise, or excusable neglect, and "he might then have set up his defense to the action"; and, having a complete remedy at law, he was not entitled to relief in equity.

In *Dimock v. Revere Copper Co.*, 117 U. S. 565, it was said: "So here, if Dimock had brought his discharge to the attention of the superior court at any time before judgment, it would have been received as a bar to the action, and, under proper circumstances, even after judgment, it might be made the foundation for setting it aside and admitting the defense." To the same effect is *Golden v. Blaskopf*, 126 Mass. 523, opinion by Gray, C. J; citing *Todd v. Barton*, 117 Mass. 291, and *Shurtleff v. Thompson*, 63 Me. 118.

There is no question as to the general rule that a discharge in insolvency or bankruptcy, like any other defense to an action, must be pleaded, and if the defendant omits to plead it he is bound by the judgment. But the existence of that rule created the necessity for the enactment of section 473 of the Code of Civil Procedure in order that parties bringing themselves within its provisions might be relieved, and that respondent brought himself within its provisions is beyond question.

The order appealed from should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.