[Civ. No. 10289.   First Appellate District, Division Two.—January 27, 1937.]

JOHN F. HARRELL, Appellant, v. WM. W. HOAGLAND, Respondent.

Cushing & Cushing for Appellant.

William A. Lahanier and Jackson E. Nichols for Respondent.

SPENCE, J.—This is an appeal from an order made by the trial court canceling and discharging of record a final judgment in favor of plaintiff.

The order appealed from was made under section 675b of the Code of Civil Procedure, which took effect on September 15, 1935.   Prior thereto and on May 1, 1935, plaintiff had obtained said judgment.   The debt upon which said judgment was based was theretofore scheduled in the voluntary bankruptcy proceedings instituted by defendant and said defendant had obtained a decree of discharge prior to the entry of plaintiff's judgment.   However, defendant did not plead his discharge in bankruptcy in said action and he

made no defense whatsoever. No appeal was taken from said judgment and no proceeding was taken to set said judgment aside under section 473 of the Code of Civil Procedure. As above stated, section 675b of the Code of Civil Procedure took effect on September 15, 1935, being some months after the entry of the judgment on May 1, 1935, and, defendant made his motion under said section on May 4, 1936.

Said section reads in part, "At any time after one year has elapsed since a bankrupt was discharged from his debts, . . . he may apply, . . . for an order, directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that . . . debt upon which such judgment was recovered, an order must be made directing said judgment to be canceled and discharged of record."

It is at once apparent that if said section applies to judgments secured before the effective date of said section and if its application to such judgments is constitutional, then the trial court properly entered the order from which this appeal is taken. ■ It is the contention of plaintiff, however, that said section does not apply to such judgments for if it is so applied, it is unconstitutional as an impairment of the obligation of contract and as a taking of property without due process of law. We are of the opinion that plaintiff's contention must be sustained.

Plaintiff's judgment was a valid and final judgment and the validity and finality thereof was not affected by the fact that it was based upon a debt discharged in bankruptcy. A discharge in bankruptcy is a special defense and it must be pleaded. (*Tuttle* v. *Scott*, 119 Cal. 586 [51 Pac. 849]; *In re Boardway*, 248 Fed. 364; *Garner* v. *Hartsfield Loan & Sav. Co.*, 49 Ga. App. 199 [174 S. E. 647]; 4 Cal. Jur. 86.) Defendant apparently concedes that plaintiff held a valid and final judgment, but seeks to sustain the above-mentioned section in its application to plaintiff's judgment upon the claim that said section affected the remedy rather than the right. We are unable to follow defendant's argument. Said section does not purport to affect the remedy, but it expressly provides for the cancellation and discharge of the judgment itself. It cannot therefore be constitutionally applied to a judgment secured prior to the effective date of said section. (*Jones* v. *Union Oil Co.*, 218 Cal. 775 [25 Pac.

(2d) 5]; *Scarborough* v. *Dugan,* 10 Cal. 305; *Kendall* v. *Kendall,* 122 Cal. App. 397 [10 Pac. (2d) 131]; *Livingston* v. *Livingston,* 173 N. Y. 377 [66 N. E. 123', 93 Am. St. Rep. 600, 61 L. R. A. 800]; *Gompf* v. *Wolfinger,* 67 Ohio St. 144 [65 N. E. 878]; *Arnold & Murdock* v. *Industrial Com.,* 314 Ill. 251 [145 N. E. 342, 40 A. L. R. 1470]; *International Shoe Co.* v. *Pinkus,* 278 U. S. 261 [49 Sup. Ct. 108, 73 L. Ed. 318]; *Sturges* v. *Crowninshield,* 4 Wheat. 122 [4 L. Ed. 529].)

The order appealed from is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1937.