[Civ. No. 1836.   Fourth Appellate District.—May 10, 1937.]

LLOYD JACKSON, Appellant, v. G. H. SHAW, Respondent.

Lawrence W. Young for Appellant.

Frank H. Marvin for Respondent.

BARNARD, P. J.—This is an appeal from an order setting aside a judgment and recalling an execution which had been issued.

The plaintiff began an action on certain promissory notes in the Superior Court of Fresno County on September 25, 1934. Summons was served on the defendant in Contra Costa County on October 2, 1934. The defendant filed a petition in bankruptcy in a federal court, listing as a liability the claim involved here, and was adjudicated a bankrupt

on November 1, 1934. No appearance was made in this action and no stay of proceedings in the state court was sought or obtained. A notice of the first meeting of the creditors of said bankrupt was mailed to the plaintiff and to his attorney. After receiving said notice and on November 16, 1934, the default of the defendant was entered and judgment was rendered in favor of the plaintiff. On August 3, 1936, the defendant was discharged in the bankruptcy proceedings. The defendant had no knowledge of this judgment until December 3, 1936, when an execution issued by the clerk was levied on wages due him from his employer. Thereupon he filed a motion to set aside the judgment and to recall the execution, which motion was granted, and the plaintiff has appealed from that order.

The first question presented is whether a judgment rendered under these circumstances is enforceable by means of an execution. The debt on which the judgment was rendered remains the same debt on which the action was brought and which was provable in bankruptcy. (*Boynton* v. *Ball*, 121 U. S. 457 [7 Sup. Ct. 981, 30 L. Ed. 985].) The debt was therefore discharged unless this right was lost by the failure of the bankrupt to apply for a stay of the action, as permitted by that part of the bankruptcy act reading as follows:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." (U. S. C. A., title 11, sec. 29.)

The present bankruptcy act, unlike the act of 1867, does not contain a provision restraining a creditor from pursuing his claim against a bankrupt until the question of his discharge has been determined. It has been held both under the act of 1867 and under the present act that if it is not stayed a suit which antedates an adjudication of bankruptcy may proceed to judgment. (*In re Vadner*, 259 Fed. 614; *Paggi* v. *Rose Mfg. Co.*, (Tex. Civ. App.) 285 S. W. 852; *Hill* v. *Harding*, 107 U. S. 631 [2 Sup. Ct. 404, 27 L. Ed.

493] ; *Chase* v. *Farmers etc. Bank,* 202 Fed. 904.) As pointed out in the last of these cases the enforcement of the judgment thus obtained in such an action presents a different question.

The bankruptcy act of 1867 contained a provision similar to the one with which we are here concerned, providing that "any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there is no unreasonable delay on the part of the bankrupt, etc.". In interpreting the act of 1867 it was held that the bankrupt could waive the clause just referred to and could permit the action in the state court to proceed to judgment, and that if he obtained his discharge after such a judgment was entered he could produce such discharge before the state court and obtain a stay of execution. (*Boynton* v. *Ball, supra;* *Williams* v. *Humphreys,* 50 N. J. L. 500 [14 Atl. 583] ; *Palmer* v. *Hussey,* 87 N. Y. 303; *Whyte* v. *McGovern,* 51 N. J. L. 356 [17 Atl. 957].) In the case last cited a judgment had been obtained under circumstances practically identical with those now before us and the judgment-creditor sought to obtain an execution, claiming the bankrupt had lost the benefit of his discharge by failing to ask for a stay of proceedings in the state court. The court pointed out that while a discharge obtained before judgment must be pleaded as a defense or it will be considered to have been waived and cannot avail the debtor in any proceeding on the judgment, a different situation prevails where the discharge was not obtained until after the judgment was entered. It was further pointed out that the cause of action is the same as before judgment and not a new debt, that the debt being provable the legal effect of the discharge is to release the debtor from liability thereon, that when no estoppel appears the debt is extinguished by the discharge, and that it follows that a discharge obtained after judgment is available on motion to set aside the execution. In that case, the court said:

"A discharge in bankruptcy granted after judgment is not a defense which arises or comes into existence pending the suit. It is a defense that gets its life from the fiat of the bankruptcy court, and, when the discharge is granted after judgment, the defense is wholly non-existent when the

judgment is signed. The effect the discharge has upon the judgment is that which is given to it by relation under the provisions of the bankruptcy law. . . . A discharge in bankruptcy, unlike the bar of the statute of limitations, is a positive extinguishment of the debt, liability, or demand to which it applies. Nothing less than an express promise to pay can renew or revive the bankrupt's liability, and by statute the promise must be put in writing and signed by the party to be charged therewith. . . . The liability of a bankrupt for a debt from which he has been discharged cannot be renewed by implication. The defendant made the defense as soon as the plaintiffs moved to enforce their judgment, and in setting up the discharge as an answer to this suit the defendant was craving no indulgence from the court. He was simply availing himself of a defense secured to him by law.''

The same rules have been applied under the bankruptcy act of 1898 in several cases. In *Craig* v. *Cameron*, 27 Ga. App. 455 [108 S. E. 828], it was held that execution must be stayed in a suit started before bankruptcy proceedings were begun where judgment was entered before a discharge was obtained and where no notice of the bankruptcy proceedings or application for a stay was brought to the attention of the state court. The court largely followed the reasoning in *Boynton* v. *Ball, supra,* and quoted from that case as follows:

''If for any of these reasons, or for others, he permits the case to proceed to judgment in the state court, by failing to procure a stay of proceedings under the provisions of this section of the bankrupt law, or the assignee in bankruptcy does not intervene as he may do, . . . he does not thereby forfeit his right to plead his final discharge in bankruptcy, if he shall obtain it, at any appropriate stage of the proceedings against him in the state court. And if . . . his final discharge is not obtained until after judgment has been rendered against him in the state court, he may produce that discharge to the state court and obtain the stay of execution.''

In *Portwood* v. *Shafer*, 33 Ga. App. 421 [126 S. E. 556], it was held that while it is better practice to ask the state court for a stay until the matter of the discharge of the bankrupt is determined in the bankruptcy court and to

plead the discharge when the same is granted, a bankrupt who obtains a discharge after judgment is entered is entitled to a perpetual stay of execution on the judgment although he did not ask for a stay in the state court before judgment was entered and although the ruling would be otherwise if the discharge had been granted before the judgment was rendered. In *Badger* v. *Jordan Marsh Co.*, 256 Mass. 153 [152 N. E. 92], under facts almost identical with those now before us, the Supreme Court of Massachusetts held that where a debtor files a petition in bankruptcy while a suit against him in a state court is pending and schedules the claim upon which suit was brought, the state court may proceed to judgment unless the action therein is stayed; that the defendant in such an action, who has filed a petition in bankruptcy and scheduled the claim sued on, is under no duty to make application for a stay of proceedings therein; and that such a defendant's failure to seek a continuance of the action pending a termination of the bankruptcy proceedings, or failure to take action, after his discharge, to stay execution, does not preclude him from having the enforcement of the judgment enjoined in equity.

Upon both principal and authority we conclude that, under the circumstances shown by the record, the respondent has not forfeited his right to set up his discharge in bankruptcy as against an execution issued upon this judgment, and that the motion to recall the execution was properly granted.

The question remains whether the court had jurisdiction to set aside the judgment. This could not be done under the provisions of section 473 of the Code of Civil Procedure both because of the lapse of time and because the moving party did not comply with the requirements of that section. Section 675 (b) of the Code of Civil Procedure has no application here. That section went into effect after this judgment was entered and it has been held that it is not retroactive. (*Harrell* v. *Hoagland,* 18 Cal. App. (2d) 721 [64 Pac. (2d) 953].) Also, the motion here involved was filed about four months after the discharge was granted. We know of no statute or rule of law authorizing the court to set aside a judgment under the circumstances here appearing. It would appear from the weight of authority from other jurisdictions that a judgment rendered under these circumstances is a valid judgment although it cannot be en-

forced by execution. With this limitation, arising from the effect of the provisions of the bankruptcy act, the respondent is entitled to his judgment for what it may be worth, and we can conceive of circumstances under which this right may be valuable. It follows that it may not be taken from him in the manner here attempted.

That portion of the order which purports to set aside the judgment is reversed and that portion of the order which recalls the execution is affirmed. Each party to pay his own costs.

Marks, J., and Jennings, J., concurred.