HOME OWNERS' LOAN CORPORATION, Plaintiff, v. ETHEL BRESKIN and Others, Defendants.

Supreme Court, Special Term, Queens County, February 19, 1940.

*J. Nathan Helfat*, for the plaintiff.

*Shapiro & Schlissel*, for the defendants.

HALLINAN, J. This is an application, pursuant to section 150 of the Debtor and Creditor Law, to discharge the judgment for a

deficiency which was entered against the defendant Breskin on January 8, 1940.

It appears from a certified copy of the discharge in bankruptcy in the District Court of the United States, Eastern District of New York, that these defendants were on the 26th day of February, 1937, duly discharged in bankruptcy as of the 5th day of November, 1936, on which day the petition for adjudication was filed by them. A certified copy of the schedules in such bankruptcy shows that the debt upon which such judgment was recovered was duly listed. It must be presumed, therefore, and indeed it is not denied, that the debt in question was scheduled properly, and that the creditor had notice of the bankruptcy proceedings. (*Matter of Peterson*, 137 App. Div. 435.)

Under such circumstances said debt has been duly discharged in bankruptcy. (Bankruptcy Act [1898], § 17; U. S. Code, tit. 11, § 35.) The fact that the judgment upon the debt thus discharged was entered subsequent thereto, is not material in this application, in view of the language of section 150 of the Debtor and Creditor Law, which provides, in part, that " At any time after one year * * * the bankrupt * * * may apply * * * to the court in which a judgment was rendered against him * * * for an order, directing the judgment to be canceled * * *. If it appears upon the hearing that he has been discharged from the payment of that judgment *or the debt upon which such judgment was recovered * * *.*" (Italics supplied.)

This language has been construed as mandatory upon the court to grant an order canceling and discharging a judgment of record where it appears that the debt upon which the judgment had been recovered was discharged, notwithstanding that the judgment on such debt was obtained after the discharge in bankruptcy. (*Rukeyser* v. *Tostevin*, 188 App. Div. 629.) It would appear, also, that this result follows irrespective of the fact that the bankruptcy was not pleaded as a defense to the action which resulted in such judgment. (*Neish* v. *Doyle*, 143 Misc. 694.)

The facts and circumstances presented in this application clearly come within the decisions above cited, and the application must, therefore, be granted.

Submit order.