[Civ. No. 11375. First Appellate District, Division Two.—July 18, 1940.]

MARYLAND CASUALTY COMPANY (a Corporation), Respondent, v. E. C. LIPSCOMB, Appellant.

Sanders & La Motte and Sanders, La Motte & Kahn for Appellant.

Liggett & Liggett and Donald Seibert for Respondent.

NOURSE, P. J.—The defendant appeals from an order denying his motion to cancel and discharge a final judgment.

The motion was made pursuant to section 675b of the Code of Civil Procedure, which was added by amendment to the Statutes in 1935, and which reads in part: "At any time after one year has elapsed, since a bankrupt was discharged from his debts, . . . he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him . . . for an order, directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order must be made directing said judgment to be canceled and discharged of record. . . ."

Appellant argues that the debt upon which the judgment was founded was the same debt that was adjudicated in the bankruptcy proceedings. It must be assumed that the trial court did not agree with this contention. In March, 1927, respondent wrote a contractor's bond in favor of a contractor to insure faithful performance by Lipscomb and Dutton of their subcontract. In 1929, the contractor obtained judgment against Lipscomb and Dutton for breach of that contract. In June, 1930, Lipscomb was adjudicated a bankrupt. He listed the contractor as a creditor under his judgment. He did not list respondent as a creditor under the bond, but as a creditor for the bond premium only. In March, 1931, Lipscomb obtained a discharge. In December, 1931,

the respondent herein paid the loss under its bond to the original contractor and, in December, 1935, commenced this action against Lipscomb and Dutton to recover its loss. Judgment was entered for respondent in October, 1936. The motion which is the subject of this appeal was made in December, 1938.

It would serve no purpose to mention the grounds urged by appellant or to discuss any of them at length. The appeal is clearly without merit and fails to present any substantial question of law.

■ If when this action was filed in 1935 the appellant deemed it was an attempt to recover a judgment concerning a debt which had been discharged in the bankruptcy proceedings, it was his duty to plead such discharge prior to judgment, and his failure to do so is a waiver of the defense. (*Harrell* v. *Hoagland*, 18 Cal. App. (2d) 721 [64 Pac. (2d) 953]; *Holmes* v. *Justice's Court*, 19 Cal. App. (2d) 362, 364 [65 Pac. (2d) 820]; *Tuttle* v. *Scott*, 119 Cal. 586 [51 Pac. 849].) ■ Respondent does not concede that the debt was discharged in the bankruptcy proceedings. The loss under the contractor's bond was not paid until after the discharge. This action was brought to recover what respondent had lost through appellant's default. If the judgment was based upon a debt incurred after the discharge, then section 675b has no application. If the debt was incurred before, but not listed or discharged in the bankruptcy proceedings, then appellant has no right to a cancellation under the code section. The trial court was entitled to infer that appellant waived all claim to relief under the statute when he voluntarily failed to plead discharge, and made no claim for any relief for a period of more than three years following the commencement of the action.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.