[Civ. No. 16777. First Dist., Div. One. July 30, 1956.]

LEIGH V. BRINK, Respondent, v. EVA F. BRINK, Appellant.

Andrew P. Costelli, Raymond H. Hawkins, Duggan, Smith & Lawlor and Eugene K. Lawlor for Appellant.

Lester S. McElwain and Orlando J. Bowman for Respondent.

WOOD (Fred B.), J.—The sole question is whether or not by applying for and obtaining a final decree of divorce plaintiff revived his obligation to pay defendant $1,800 (a part of their property settlement agreement which had been incorporated into the interlocutory decree of divorce), an obligation which defendant concedes was discharged by an order of the bankruptcy court made after the interlocutory and before the final divorce decree.

Holding that the obligation was not revived, reaffirmed or reacknowledged, the trial court ordered quashed a writ of execution which had been issued to enforce payment of the obligation.* We find no basis for a reversal of that order.

We start with the premise that the property rights of these parties were defined and determined by the inter-

---

*The minute order of March 3, 1955, granted the motion to quash. A formal written and signed order containing findings of fact was filed March 4. Defendant has appealed from both orders.

The minute order was the determinative order because it required no findings and did not indicate that a formal written order was contemplated.

The written order, though more or less perfunctory in nature, did serve the purpose of specifically identifying the writ of execution and declaring it quashed and of directing the sheriff to release to plaintiff any property seized pursuant to the writ; hence, need not be treated as a complete nullity, especially since the parties hereto have not so treated it. (See *Perez* v. *Perez*, 111 Cal.App.2d 827, 829-830 [245 P.2d 344].)

locutory decree and that where, as here, that decree has become final the court retains no power to modify it with respect to these property rights. (*Dupont* v. *Dupont,* 4 Cal. 2d 227, 228 [48 P.2d 677] ; *Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697] ; *Harrold* v. *Harrold,* 127 Cal.App.2d 582, 583 [274 P.2d 183] ; *Parnham* v. *Parnham,* 32 Cal.App.2d 93, 96 [89 P.2d 189].) ''Even though a final decree is not entered, the interlocutory decree becomes a conclusive adjudication and is res adjudicata with respect to all issues determined.'' (*Leupe* v. *Leupe, supra,* 21 Cal.2d 145, 148.)

 The ''failure of the final decree to include the alimony provision of the interlocutory decree does not relieve petitioner [the obligor] of his previously adjudicated obligation.'' (*Wilson* v. *Superior Court,* 31 Cal.2d 458, 464 [189 P.2d 266].) The only sanction for modification of the interlocutory in a situation such as this would be that afforded by section 675b of the Code of Civil Procedure, which permits a bankrupt, one year after his discharge, to apply for an order cancelling the judgment. That remedy, because of the one-year feature, was not available and would not have become available until some 10 months after plaintiff applied for and obtained the final decree.

 Accordingly, in the instant case, when the final decree incorporated by reference the provisions of the interlocutory, it incorporated them as it found them; including, for example, a declaration that plaintiff owes defendant $1,800, an obligation which though already discharged could not be cancelled of record for another 10 months. In short, the final decree gave no new life to the $1,800 discharged obligation.

It is in this frame of reference that we should view plaintiff's application for the final decree. His affidavit therefor recited the date and place of entry of the interlocutory decree and declared that since the granting of the interlocutory the parties had not been reconciled, nor had they lived together, nor cohabited; that all the requirements of the interlocutory ''have been fully complied with on the part of the moving party herein, and he is not in default in any thereof'' [a correct statement as to the $1,800 obligation which had been discharged in bankruptcy] ; that both parties are living, no motion to set aside or annul the interlocutory is pending and undetermined, and that no appeal has been taken or is pending. We do not find here a ''promise'' to pay the discharged obligation, within the meaning of the word ''promise'' as used in section 1606 of the Civil Code. ''When a debt

has been discharged by proceedings in insolvency, or has become barred by the statute of limitations, the remedy to enforce the payment of the debt is gone, but the moral obligation to pay it still remains and is a good consideration for a new promise to make such payment. (*Chabot* v. *Tucker*, 39 Cal. 434; *McCormick* v. *Brown*, 36 Cal. 180 [95 Am.Dec. 170].) And it is well settled that when an action is brought to recover such a debt it must be based upon the new promise, and to support the action *it must appear that the promise was clear, distinct, unconditional, and unequivocal."* (*Lambert* v. *Schmalz*, 118 Cal. 33, 35 [50 P. 13]; emphasis added. See also *Jackson* v. *Shaw*, 20 Cal.App.2d 740, 742-743 [68 P.2d 310].)

When plaintiff sought and obtained the final decree he applied for and obtained neither more nor less than he had the right and the power to apply for and obtain. We cannot spell out of that a "promise" to pay the discharged obligation. That is distinctly different from the situation which obtained in *Davison* v. *Anderson*, 125 Cal.App.2d Supp. 908 [271 P.2d 233], where the defendant in an action against him upon the original debt entered a general denial but did not mention his discharge in bankruptcy and when the case was called for trial "stipulated without reservation that judgment might be entered against him" (p. 909), pursuant to which stipulation judgment was entered against him. That bears no similarity to plaintiff's application for a final decree in the instant case.

In the words of Presiding Justice Barnard in *Jackson* v. *Shaw, supra,* 20 Cal.App.2d 740, 744, "we conclude that, under the circumstances shown by the record, the respondent has not forfeited his right to set up his discharge in bankruptcy as against an execution issued upon this judgment, and that the motion to recall the execution was properly granted."

We find it unnecessary to discuss the authorities upon which defendant relies. She ignores the relationship between the interlocutory and the final decrees in a divorce action and treats the order appealed from as if it were predicated upon an unwarranted collateral attack upon the final decree instead of an interpretation of those decrees viewed in the light of the impact of the discharge in bankruptcy.

The orders appealed from are affirmed.

Peters, P. J., and Bray, J., concurred.