[Civ. No. 21896.   First Dist., Div. Two.   Dec. 17, 1964.]

MARY S. FORMAN, Plaintiff and Respondent, v. GEORGE W. SCOTT, Defendant and Appellant.

Joseph H. Inglese for Defendant and Appellant.

Robert T. Allen for Plaintiff and Respondent.

SHOEMAKER, J.—On September 14, 1955, plaintiff Mary Forman recovered a default judgment against defendants George and Lorene Scott for damages arising out of an automobile accident.

On October 21, 1955, defendant George Scott filed a petition in bankruptcy and scheduled the plaintiff as one of his creditors. Some six months later defendant received his discharge in bankruptcy.

On January 21, 1957, the California Department of Motor Vehicles notified defendant Scott that his driver's license, license plates and registration cards were suspended, effective January 25, 1957, pursuant to Vehicle Code, section 410,[1] which provides that such penalty shall be imposed for failure to satisfy a judgment resulting from the operation of a motor vehicle.

On February 13, 1957, defendants George and Lorene Scott entered into a written agreement with plaintiff whereby defendants acknowledged that they were indebted to plaintiff by virtue of the default judgment entered on September 14, 1955, and agreed to make monthly payments of at least $10, commencing March 1, 1957, in liquidation of said judgment.

On April 24, 1957, defendant George Scott filed a motion to amend the default judgment *nunc pro tunc* to provide that it might be liquidated by him in accordance with the agreement of the parties "without prejudice to any other legal remedies available to plaintiff." In support of said motion, defendant Scott filed an affidavit averring that *nunc pro tunc* modification of the judgment was necessary in order that he might obtain restoration of his driving privileges and thereby continue to obtain employment as a construction worker.

Thereafter, pursuant to a stipulation between plaintiff and defendant Scott, the judgment was modified *nunc pro tunc* in the manner requested.

During the period from May 1957 to April 1963, defendant Scott was repeatedly delinquent in the monthly payments required under the modified judgment, despite frequent demands by plaintiff. In October 1963, when defendant was

---

[1] Vehicle Code, section 410, has since been recodified as Vehicle Code, sections 16250, 16251, 16370, 16371 and 16372.

$670 in arrears, plaintiff refused to accept any further payments until defendant had paid said balance in full or had settled the judgment. Defendant refused to do either.

On November 8, 1963, plaintiff filed a notice of motion for leave to issue execution on the original default judgment. Defendant Scott opposed said motion on the ground that the judgment had been discharged by the proceedings in bankruptcy.

On December 20, 1963, the trial court filed an informal "decision" indicating that it was ruling in favor of plaintiff. On December 30, 1963, the court made an order directing that a writ of execution on the judgment issue forthwith.

In due time defendant George Scott filed notice of appeal from the "decision" of December 20, 1963, and the order of December 30, 1963.

█ It may be noted at the outset that the order of December 30, 1963, is clearly appealable. (*Crowley* v. *Superior Court* (1936) 17 Cal.App.2d 52, 54 [61 P.2d 372]; *Belt Casualty Co.* v. *Superior Court* (1933) 129 Cal.App. 642, 644 [19 P.2d 25].) █ However, the informal "decision" of December 20, 1963, was but an indication by the court as to its intended action, which was effected by the order directing the issuance of the writ. Such a preliminary step or order is nonappealable (3 Witkin, Cal. Procedure (1954) Appeal, § 20, pp. 2163-2164).

█ The sole question on this appeal is whether execution may issue upon a judgment which was discharged in bankruptcy but which was subsequently modified by *nunc pro tunc* order pursuant to the stipulation of the parties and in order to accommodate the bankrupt.

Appellant concedes that when a debt is discharged by proceedings in bankruptcy, the creditor is deprived only of his remedy to enforce payment of the debt, and the moral obligation to pay it remains and is good consideration for the debtor's new promise to pay. (Civ. Code, § 1606; *Lambert* v. *Schmalz* (1897) 118 Cal. 33, 35 [50 P. 13]; *Chabot* v. *Tucker* (1870) 39 Cal. 434, 436-438; *Brink* v. *Brink* (1956) 143 Cal. App.2d 527, 529-530 [299 P.2d 991]; *Davison* v. *Anderson* (1954) 125 Cal.App.2d Supp. 908, 910 [271 P.2d 233].) Appellant relies upon the rule that when an action is brought to recover such a debt, it must be based upon the new promise made subsequent to the discharge in bankruptcy and not upon the original debt or liability. (*Lambert* v. *Schmalz, supra,* at p. 35; *Chabot* v. *Tucker, supra,* at p. 438; *Brink* v. *Brink,*

*supra,* at p. 530.) Appellant asserts that in the instant case, the agreement of February 13, 1957 and the stipulation to modify the original judgment by *nunc pro tunc* order constituted at best a new promise to pay a judgment discharged in bankruptcy, and that respondent was not entitled to proceed upon the original judgment.

Respondent, on the other hand, contends that appellant is estopped from raising his discharge in bankruptcy as a bar to enforcement of the original judgment. Respondent relies upon the fact that appellant, in order to obtain reinstatement of his driving privileges, treated said judgment as valid and subsisting by agreeing to pay it in monthly installments and by moving to have it so amended *nunc pro tunc* ''without prejudice to any other legal remedies available to plaintiff.'' Respondent asserts that appellant, by this conduct, deliberately led her to believe that said judgment was valid and enforceable, and that she, in reliance thereon, stipulated that it might be amended in the manner sought by appellant. Respondent contends that it would constitute the grossest form of inequity to allow appellant to treat the judgment as valid for purposes of his own and yet raise the bankruptcy proceedings as a bar to its enforcement by respondent. This position is sound and was adopted by the trial judge.

It is settled that a discharge in bankruptcy is a defense which may be waived by the debtor. (*Maryland Casualty Co.* v. *Lipscomb* (1940) 40 Cal.App.2d 171, 173 [104 P.2d 525]; *Harrell* v. *Hoagland* (1937) 18 Cal.App.2d 721, 722 [64 P.2d 953]; *Holmes* v. *Justice's Court* (1937) 19 Cal.App.2d 362, 364 [65 P.2d 820]; *Tuttle* v. *Scott* (1898) 119 Cal. 586, 589 [51 P. 849].) In *Davison* v. *Anderson, supra,* respondent was adjudged a bankrupt and granted a discharge, and in subsequent litigation by appellants stipulated to entry of judgment against him, without any mention of the bankruptcy discharge. Following entry of judgment, respondent moved for an order canceling said judgment and the writ of execution issued pursuant thereto on the ground that the judgment was based upon a debt discharged in bankruptcy, which motion was granted. The order was reversed on appeal, the court stating: ''Any other rule would allow the bankrupt debtor to lure his creditors into the expenditure of needless time, effort and money, to trifle with the court, and to needlessly take up time of all concerned only to have him defeat the claim by the identical defense that he could have raised long before in the very same proceeding. This,

we believe, would be a travesty on justice, and common sense dictates that it should not be permitted." (P. 912.)

In the present case, appellant voluntarily entered into an agreement to pay in monthly installments a judgment which had been discharged in bankruptcy. Although this conduct might in itself have constituted no more than a new promise to pay a debt discharged in bankruptcy, appellant thereafter moved for an order modifying the *judgment* by *nunc pro tunc* order to provide that it should be payable in accordance with the agreement and "without prejudice to any other legal remedies available to plaintiff." Appellant, by so doing, intentionally led respondent to believe that the judgment itself was to be treated as valid and enforceable between the parties and that he would not raise the prior discharge in bankruptcy as a bar thereto. Respondent, in justifiable reliance on appellant's conduct, then entered into a stipulation that the judgment might be modified in the manner requested by appellant and thereby enabled him to obtain reinstatement of his driving privileges.

It is settled that where the act or promise of one man causes another in reliance thereon to do or forbear to do a thing to his detriment, which he otherwise would have done, the promisor is estopped from taking advantage of the act or omission caused by his own act or promise. (*Langdon* v. *Langdon* (1941) 47 Cal.App.2d 28, 31 [117 P.2d 371]; *Calistoga Nat. Bank* v. *Calistoga Vineyard Co.* (1935) 7 Cal. App.2d 65, 72 [46 P.2d 246].)

The appeal from the "decision" of December 20, 1963, is dismissed, and the order of December 30, 1963, directing the issuance of a writ of execution, is affirmed.

Agee, J., and Taylor, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 10, 1965.