[Civ. No. 29925.   Second Dist., Div. Two.   Jan. 28, 1966.]

PUBLIC FINANCE CORPORATION OF SANTA MONICA, Plaintiff and Respondent, v. RONALD E. SHAW, Defendant and Appellant.

Herbert & Levine and Allan L. Levine for Defendant and Appellant.

Styskal, Wiese & Colman and Alvin O. Wiese, Jr., for Plaintiff and Respondent.

HERNDON, J.—This case comes to us by certification from the Appellate Department of the Los Angeles Superior Court, following its decision affirming an order of the Municipal Court of the Santa Monica Judicial District which denied appellant Ronald Shaw's motion to cancel and discharge a judgment. Appellant's motion was made pursuant to the provisions of section 675b of the Code of Civil Procedure.[1]

As we view the instant certification, the narrow question presented for our determination is whether, *as a*

---

[1]Section 675b in pertinent part provides: "At any time after one year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, . . . for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment *or the debt upon which such judgment was recovered,* an order must be made directing said judgment to be canceled and discharged of record; . . ." (Italics added.)

*matter of law,* a failure to appear and defend an action filed after a discharge in bankruptcy, and based upon an indebtedness listed in the bankruptcy proceedings, necessarily operates as a forfeiture of the bankrupt's right to the relief provided by section 675b. We hold that it does not.

Both parties to this appeal treat the problem as if it were one invariably to be solved by the practically automatic application of an inflexible rule which necessarily governs in every case falling within the literal description of the statute. That is to say, appellant's arguments are predicated upon the proposition that since the debt upon which the judgment was subsequently recovered was listed in appellant's petition filed in the bankruptcy proceeding, and since its discharge was not opposed by respondent as the creditor therein, the judgment must be cancelled as a matter of absolute right under section 675b. Such arguments contend too much. (*Maryland Casualty Co.* v. *Lipscomb,* 40 Cal.App.2d 171, 172-173 [104 P.2d 525].)

Respondent, on the other hand, argues that when the action upon the debt listed in the bankruptcy proceeding is commenced after a discharge is granted therein, the failure of the debtor to appear and defend such action always results in a waiver of the bankrupt's rights under the section. We believe that this contention also is too broad in its sweep.

Section 675b was based upon section 150 of the New York Debtor and Creditor Code. Both prior to California's enactment of section 675b in 1935, and thereafter, the New York courts have held that the relief provided for by their corresponding and equivalent statute applies to judgments obtained in actions commenced after the discharge in bankruptcy of the debt upon which recovery was sought. (Cf. *Collins* v. *Toombs,* 272 App.Div. 973 [71 N.Y.S.2d 784, 785]; *Home Owners' Loan Corp.* v. *Breskin,* 173 Misc. 1002 [18 N.Y.S.2d 704, 705]; *Neish* v. *Doyle,* 143 Misc. 694 [256 N.Y.S. 896, 897]; *Rukeyser* v. *Tostevin,* 188 App.Div. 629 [177 N.Y.S. 291, 292]. See also, *Briskin* v. *White,* 296 F.2d 132, 135-136, fn. 2.)

A bankrupt is not an ordinary debtor. ■ Consistently with the reasoning of the decisions of the New York courts, we believe that our Legislature in adopting section 675b intended that in appropriate cases relief should be available even to one who, through ignorance or poverty, failed to respond to an action brought against him based upon a debt which he believed to have been discharged by the federal

courts. (See the dissenting opinion in *Helms* v. *Holmes*, 129 F.2d 263, 269 [141 A.L.R. 1367], for an excellent discussion of the considerations supportive of the reasonableness of such intent.)

On the other hand, there are cases in which a debtor, by reason of his conduct following his discharge in bankruptcy, may not be entitled to the relief provided by section 675b. (*Forman* v. *Scott*, 231 Cal.App.2d 340, 343 [41 Cal. Rptr. 805] ; *Davison* v. *Anderson*, 125 Cal.App.2d Supp. 908, 910-912 [271 P.2d 233].)

In the instant case, appellant executed a promissory note secured by a chattel mortgage in favor of respondent on July 27, 1960. On September 20, 1961, appellant, in propria persona, filed a petition in bankruptcy scheduling this debt and listing respondent as a secured creditor. On November 21, 1961, appellant received his discharge in bankruptcy. On October 29, 1962, respondent filed its action in the Santa Monica Municipal Court based upon its note and chattel mortgage in three causes of action alleging (1) damages for fraud, (2) conversion, and (3) the unpaid balance on the promissory note. The first two causes of action set forth appellant's discharge in bankruptcy but alleged that respondent's claim was not discharged pursuant to section 17 of the Bankruptcy Act. Appellant defaulted, and on December 10, 1962, respondent dismissed its cause of action alleging fraud and *the clerk entered judgment* in its favor in the exact amount claimed in its third cause of action on the promissory note. On March 29, 1965, respondent sought to levy on appellant's salary, and on April 29, 1965, appellant moved for relief under section 675b.

As nearly as we are able to determine from the very limited record before us, the only evidence, other than the records of the prior proceedings which were received in connection with appellant's motion for relief, was an affidavit in which he alleged, *inter alia*, that prior to bringing its action against him, respondent had in fact repossessed the furniture securing the indebtedness it was seeking to collect. If this allegation were true, respondent not only would be seeking to collect a debt which it knew was subject to discharge, absent fraud, etc., but would be attempting to collect the full amount thereof without giving credit for the value of the furniture it had reclaimed.

Under such circumstances, we believe the trial court

had the power and the duty to receive evidence on the issues and to determine whether or not appellant's default should be held sufficient to deprive him of the relief provided by section 675b. It is obvious that the default judgment entered by the clerk established neither the fraud nor the wilful and malicious conversion of respondent's property which respondent had alleged. After receiving such admissible evidence as the parties may introduce to explain their actions herein, or to establish an estoppel against either, the trial court will be in a position to decide the factual issues involved in determining whether or not appellant is entitled to the relief sought by his motion.

We do not regard the decision in *Maryland Casualty Co.* v. *Lipscomb, supra,* 40 Cal.App.2d 171, as requiring a different conclusion. In that case the bankrupt, Lipscomb, had failed to list his bonding company as a creditor upon its bond in his petition filed in the bankruptcy proceeding. He obtained a discharge in bankruptcy in March 1931. Thereafter, the bonding company paid a loss under its bond and commenced an action to recover the amount thereof from Lipscomb. Although the decision does not indicate whether the bonding company set forth the fact of Lipscomb's bankruptcy in its complaint, or whether Lipscomb defended the action or defaulted therein, it is clear that Lipscomb did not plead his discharge in bankruptcy as a defense to the action pursuant to the theory that the debt sued upon therein was the same debt that had been discharged in bankruptcy.

In reviewing Lipscomb's subsequent action to set aside the judgment, the appellate court stated at page 172: "Appellant argues that the debt upon which the judgment was founded was the same debt that was adjudicated in the bankruptcy proceedings. *It must be assumed that the trial court did not agree with this contention.*" (Italics added.)

Further, as the court pointed out at page 173: "The loss under the contractor's bond was not paid until after the discharge. This action was brought to recover what respondent had lost through appellant's default. If the judgment was based *upon a debt incurred after the discharge,* then section 675b has no application. If the debt was incurred before, *but not listed or discharged in the bankruptcy proceedings,* then appellant has no right to a cancellation under the code section. *The trial court was entitled to infer* that appellant waived all claim to relief under the statute when he voluntarily failed to plead discharge, and made no claim

for any relief for a period of more than three years following the commencement of the action." (Italics added.)

That the trial court "was entitled to infer" a waiver in the *Maryland* case is not a holding, even under the extraordinary facts there involved, that it *was mandatory* that such an inference of waiver be drawn. Certainly it does not stand as authority for the proposition that creditors whose own pleadings indicate that their claims have been discharged in bankruptcy, absent proof of fraud, etc., may continue to harass the bankrupts by filing suits against them on such claims in the hope, too frequently well founded, that they may, through ignorance or lack of funds, fail to "relitigate" the issues, thereby reviving the claims without any proof of fraud or other ground sufficient to justify a determination that they were not properly and effectively discharged.

■ Respondent argues, however, that although proof of nondischargeability of the indebtedness is still available to a judgment creditor resisting a motion under section 675b, nevertheless hardship may result in instances where such creditor could have established fraud, etc., at the time its judgment was obtained, although it failed to do so, but cannot do so at the time the bankrupt's subsequent motion is made by reason of loss of evidence. This argument, however, bears not so much on the issue of waiver, the only question presently before us, as it does on the issue of estoppel. The ready answer to this contention is that the question of whether or not grounds exist for estopping a defaulting bankrupt from obtaining relief under section 675b is one which the trial court must resolve on the merits in each case and not one answerable solely by reason of the default itself.

The order under review is reversed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied February 23, 1966.