In re C. M. SPENCER and Laverne Spencer, Debtors.

Bankruptcy No. 79–02990–MZ.

United States Bankruptcy Court, S. D. California.

Dec. 5, 1980.

James McCafferty, San Diego, Cal., for debtor.

Philip J. Giacinti, San Diego, Cal., trustee.

MEMORANDUM OPINION CONCERNING TRUSTEE'S OBJECTIONS TO DEBTORS' CLAIMS OF EXEMPTION

JAMES W. MEYERS, Bankruptcy Judge.

I

This matter involves certain objections to the debtors' claims of exemption, filed by the trustee herein, Mr. Philip J. Giacinti, Jr. The debtors first sought relief under the United States Bankruptcy Code ("Code") on October 31, 1979. On August 25, 1980, the trustee filed his objections to the debtors' claims of exemption. The matter then came on for hearing before this Court, at which time the Court took the matter under submission.

Having considered the arguments presented by both parties, the Court has decided to overrule the objections as presented by the trustee. This opinion is filed to explain that decision.

II

FACTS

The debtors initially chose to file their petition under Chapter 13 of the Code. Their petition and plan, however, did not meet with the approval of the standing Chapter 13 trustee, and a series of objections, a motion to dismiss, and amended plans ensued. In their third amended Chapter 13 plan, the debtors claimed as exempt their equity interest in certain real property in which they reside, pursuant to Section 522(d)(1) of the Code. 11 U.S.C. § 522(d)(1).

After having struggled for several months under Chapter 13, the debtors decided on June 24, 1980, to voluntarily convert their case to a Chapter 7 proceeding. A short time later, the debtors amended their original exemptions so as to claim the residence exempt under Section 690.31 of the California Code of Civil Procedure.[1] The meeting of creditors was held on August 6, 1980. On August 25, 1980, the trustee filed his objections to the debtors' amended claims of exemption, which deal solely with the debtors' attempt to exempt their residence. The debtors have not challenged the timeliness of the trustee's objections. *See* Bankruptcy Local Rule 32(c).

III

DISCUSSION

A. *The Need For a Declaration of Homestead Under Cal.Civ.Proc.Code § 690.31*

■ The trustee cites as one basis of objection the lack of any declaration of homestead filed by the debtors. The debtors, though, disagree and correctly point out that no such declaration is required under Section 690.31.[2]

It is clear that Section 690.31 of the California Code of Civil Procedure was enacted to provide the benefits of homestead protection to those individuals who *fail* to file a declaration of homestead. *See* Adams, *Homestead Legislation in California*, 9 Pac. L.J. 723, 725, 737 (1978). This concern is made clear by the wording of the section itself, which compares the exemption under Section 690.31 with the alternative protection afforded by a *declared* homestead perfected under the California Civil Code. *See* Cal.Civ.Proc.Code § 690.31(a)(1) (West). *See also* Cal.Civ.Code §§ 1237 *et seq.* (West) (declared homesteads). The California courts have also concluded that no declaration of homestead is required by this section. *See e. g., San Diego White Truck Co. v. Swift*, 96 Cal.App.3d 88, 91, 157 Cal.Rptr. 745 (1979). Accordingly, this objection is without merit.

---

1. This section provides in part that "[a] dwelling house in which the debtor ... actually resides shall be exempt from execution, to the same extent and in the same amount ... as the debtor ... would be entitled to select as a homestead pursuant to [Cal.Civ.Code §§ 1237 *et seq.* (West)] ...." Cal.Civ.Proc.Code § 690.31(a)(1) (West).

2. Whether the trustee has abandoned this objection is not altogether clear, although the trustee's other arguments seem to indicate that the availability or amount of the exemption is not actually in question.

## B. *The Application of 11 U.S.C. § 544*

Here, the trustee argues that he has a judgment lien on the property in question pursuant to Section 544(a)(1) of the Code. *See* 11 U.S.C. § 544(a)(1). Generally, this section affords the trustee, as against transfers by, or obligations of the debtor, the avoidance powers of a hypothetical judgment lien creditor who obtained such a lien simultaneously with the filing of the debtors' petition. It is further argued that under Section 674(c) of the California Code of Civil Procedure, this hypothetical judgment lien attaches to the property despite the protection of the exemption allowed under Section 690.31. *See* Cal.Civ.Proc.Code § 674(c) (West).[3]

Such a lien, contends the trustee, can be enforced like any other encumbrance when the property subject to Section 690.31 is sold, or otherwise left unoccupied by the debtors. *See In re Campbell,* 5 B.C.D. 6 (S.Cal.1978) (Katz, J.). This conclusion allegedly raises the additional issue of how long the trustee may wait to enforce his supposed lien. In conjunction with these issues, the trustee has requested this Court to comment on the applicability under the Code, of the reasoning set forth in *In re Campbell, supra,* a case decided under the former Bankruptcy Act.

The debtors respond to these arguments by pointing out that the trustee merely has the *status* of a judgment lien creditor and not an actual judgment lien. Second, they claim that in any event, the trustee cannot execute against their exempt equity and that the trustee cannot merely "sit on the property" until the debtors vacate. And finally, the debtors contend that under Section 675b of the California Code of Civil Procedure the debtors could simply "cancel" whatever judgment lien the trustee may have. *See* Cal.Civ.Proc.Code § 675b (West).[4]

The Court, however, declines the trustee's invitation to comment on *Campbell* and its application to cases brought under the Code. Nor does the Court express any opinion on the merits of the parties' respective arguments concerning Section 544(a)(1) of the Code. The Court bases this conclusion on the premise that the trustee has not actually objected to the debtors' Section 690.31 claim, but has instead requested a declaratory judgment of his rights under Section 544 and relevant state law. *See generally E. Edelmann & Co. v. Triple–A Specialty Co.,* 88 F.2d 852, 854 (7th Cir. 1934) (nature of declaratory relief); *Freeman v. Marine Midland Bank–New York,* 419 F.Supp. 440, 449–50 (E.N.Y.1976) (nature of declaratory relief); 6A *Moore's Federal Practice* ¶ 57.05 at 57–26 (2d ed.) ("Moore's").

■ Undoubtedly, the Court has the power to render declaratory relief under the Code. Section 249 of the Bankruptcy Reform Act of 1978, *see* Pub.L.No.95–598, 92 Stat. 2549, amends the federal Declaratory Judgment Act to read:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. By implication then, this Court is authorized to render declaratory

---

**3.** Section 674(c) provides in part that "a judgment lien ... shall attach to ... real property notwithstanding the exemption provided by Section 690.31." Cal.Civ.Proc.Code § 674(c) (West).

**4.** This section provides that if, after one year following a debtor's discharge, a judgment is

entered against the debtor on a *debt previously discharged*, that judgment can be "canceled and discharged of record." Cal.Civ.Proc.Code § 675b (West). *See also Public Finance Corp. v. Shaw,* 239 Cal.App.2d 756, 49 Cal.Rptr. 847 (1966) (purpose of the section).

relief, except in those instances expressly prohibited under Section 2201, which are inapplicable here. *See* 1 *Collier on Bankruptcy* ¶ 3.01[8] at 3–125 (15th ed.) ("Collier"). *See also* 28 U.S.C. § 451 (the phrase "court of the United States" as used in Section 2201 defined to include Bankruptcy Courts).[5]

■ An objection to the debtors' claim of exempt property, however, is not the proper *procedural* vehicle to present such a claim. While such an objection has been treated as a "contested matter" under the current Bankruptcy Rules, *see* 12 *Collier*, ¶ 403.5[1] (14th ed.), it has traditionally been viewed solely as a method whereby the trustee fulfills his obligation to determine whether exemptions are lawfully claimed and allowable. *See* 12 *Collier*, ¶ 403.4 (14th ed.); Bankruptcy Rule 403(b).

The correct procedural method of presenting a claim for declaratory relief in the Bankruptcy Court has evidently not been established, at least with respect to the Code. *See* 1 *Collier, supra*, ¶ 3.01[8]. It appears reasonable to assume, however, that a complaint should be filed to obtain this type of relief. This is the practice in the federal district courts where such claims have been denominated "civil actions" to be initiated by the filing of a complaint. *See* Fed.R.Civ.P. 3, 57; 28 U.S.C. § 2201 (indicating that a "pleading" should be filed). *See also* 6A *Moore's, supra*, ¶ 57.22[2].[6]

Being that there is no contrary authority, or other specific direction in this matter, the Court will require that traditional federal procedure be adhered to. This will require the filing of an appropriate complaint for declaratory relief by any party requesting relief in this matter. *See* Fed.R. Civ.P. 3, 57; 28 U.S.C. § 2201. To require this, though, will not prejudice the trustee's rights, as there is no present indication that the debtors plan to quit residing on the property covered by the exemption.[7] Accordingly, the trustee's second ground of objection is also overruled.

## IV

## CONCLUSION

While the Court commends the trustee for his industry in bringing this matter before the Court, neither of the *objections* which he has raised are well taken, and they must therefore be overruled. Counsel for the debtors will prepare an appropriate order within ten (10) days of the filing of this opinion.

---

5. Although Section 451 will not, by its own terms, become operative until April 1, 1984, leading commentators have concluded that "the power of the *transition* court of bankruptcy to render declaratory judgment cannot be doubted." 1 *Collier, supra*, ¶ 3.01[8] at 3–126 (emphasis added).

6. The current Bankruptcy Rules of Procedure contain no counterpart to Rule 57, which generally provides that declaratory judgments must be obtained in accordance with the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 57. Perhaps this situation will be clarified when the new Rules of Bankruptcy Procedure for the Code are promulgated. *See* H.R.Rep. No.95–595, 95th Cong., 1st Sess. 307 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6264 (indicating that certain matters of bankruptcy procedure will be covered by the Federal Rules of Civil Procedure).

7. This fact, however, may raise a question as to whether an action for declaratory relief would present a justiciable controversy. *See e. g., United Public Workers v. Mitchell*, 330 U.S. 75, 89–90, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947).