448 P.2d 713

**Alfred J. FOWERS, Plaintiff and Appellant,**

v.

**Donald GURNEY and Ireta F. Gurney, his wife, Defendants and Respondents.**

No. 11273.

Supreme Court of Utah.

Dec. 17, 1968.

Ray H. Ivie, Provo, for appellant.

J. Robert Bullock, of Aldrich, Bullock & Nelson, Provo, for respondents.

ELLETT, Justice:

The plaintiff · appeals from a summary judgment holding that the defendant Donald Gurney was not liable for the deficiency on a foreclosure of a mortgage securing a note signed by the defendants. In substance the factual background leading up to the summary judgment is as follows:

Defendants signed a note and gave a mortgage on their real estate to secure the same on July 2, 1965. They failed to make timely payments as provided, and on December 23 of that year a default judgment was entered against them. Four days later the court ordered the real property covered by the mortgage to be sold on January 20, 1966, but for reasons not disclosed the sale was

not held, and on January 28, 1966, the sale was cancelled by order of the attorney for the plaintiff.

Thereafter the real property was advertised and posted for sale on the 10th day of March, 1966, pursuant to an order of court. The plaintiff purchased the property at sheriff's sale for $17,000, and upon return of sale by the sheriff a deficiency judgment was entered in favor of plaintiff and against the defendants and each of them in the amount of $4,554.60. The defendants were adjudged bankrupts on March 7, 1966, and the note was listed in the schedule of debts. The defendants paid to plaintiff during 1966 after February 1 the sum of $2,270 including $444.75 for the use and benefit of plaintiff's attorney. Defendants did not learn of the deficiency judgment against them until in December of 1966.

As soon as they learned of the deficiency judgment, they made a motion to have the court set aside and hold for naught the deficiency judgment appearing against them, and after hearing the motion the trial judge ruled that there was "insufficient evidence to support an enforcible (sic) judgment between the parties which would affect the operation of the deficiency judgment." However, upon motion made by plaintiff to make findings of fact and conclusions of law, the judge reversed his field and held that during the latter part of February, 1966, the parties entered into an accord and satisfaction regarding the deficiency judgment and agreed to reinstate the original note and mortgage on condition that defendants would make the February and March, 1966, payments under the note and mortgage and would pay the fees of the attorney incurred by the plaintiff in connection with the default judgment, and if those payments were made, the sale scheduled for March 10 would not be held.

While the payments for February and March were made timely, the attorney's fee was not paid until August 26, 1966. In his written findings the court found on disputed evidence that there was an agreement to the effect that the sale of the mortgaged realty would not be held on March 10 and that the note and mortgage were to be reinstated as originally made. The deficiency judgment was thereupon cancelled..

The plaintiff does not claim that the first oral order made by the court would supersede the written findings and judgment in the matter. However, since the defendants had paid nothing after December 5, 1966, the plaintiff amended his complaint on December 11, 1967, to ask for foreclosure and for a deficiency judgment against Mr. Gurney. Motions for summary judgment were made by each party, and the court held that the personal liability of Mr. Gurney was a debt dischargeable in bankruptcy. The plaintiff claims that Mr. Gurney by having the court reinstate the note and mortgage under date of October 24, 1967, caused a new obligation to be created against himself,

**56**

and since this obligation is one which arose after the bankruptcy proceedings were begun, it is not dischargeable.

The court concluded as a matter of law on October 24, 1967, as follows: .

1. That the promissory note dated July 2, 1965, in the amount of $18,000.00, which is the subject of the foreclosure action resulting in the deficiency judgment against defendants was, and is, reinstated pursuant to a complete, full executed agreement of accord and satisfaction between the parties.

2. That when the reinstatement of said promissory note occurred, the deficiency judgment based thereon entered in the records of said Court on March 10, 1966, became fully satisfied and of no force and effect, and in any event it became inequitable for the same to have prospective application.

3. That pursuant to Rule 60(b) clause (6) defendants are entitled to a declaration of the Court that the deficiency judgment entered on March 10, 1966, is fully satisfied and of no force and effect.

When the court stated, "The promissory note * * * *was, and is,* reinstated pursuant to a complete, fully executed agreement of accord and satisfaction between the parties," it obviously meant that the note *was* reinstated pursuant to the agreement of February, 1966. The use of the phrase "and *is*" after the verb "was" did not purport to create an obligation against Mr. Gurney at the time the court made the finding. It simply was a legal expression making certain that there could be no question about the invalidity of the deficiency judgment. It meant not only that the deficiency judgment *was* of no force and effect but that it still *is* of no force and effect.

The plaintiff further claims that Mr. Gurney's conduct in these latter proceedings amounts to an acknowledgment of the debt and an agreement to pay the same. By this claim the plaintiff apparently assumes that the motion under date of March 20, 1967, wherein defendant moved the court for an order declaring the deficiency judgment of March 10, 1966, to be of no force and effect, was a promise on his part to pay the note, since he asked the court to reinstate the same.

The filing of the motion could possibly be considered as an acknowledgment of the existence of a debt at some time in the past, but one searches in vain to find a promise to pay that debt. The truth of the matter is that the defendant, instead of making or implying a promise to pay the debt, actually was asking the court to determine that the judgment was fully satisfied. If the plaintiff means by his claim that by requesting the court to substitute the debt on the note for the deficiency judgment, a new promise was made to pay the note, then he fails for several reasons:

In the first place, the defendants never asked the court to substitute a new promise

to pay the old note in lieu of a valid deficiency judgment. What they were asking the court to do was to declare that as of February, 1966, the debt on the note was by agreement of the parties substituted for the default judgment and to hold that the deficiency judgment was and always has been a nullity.

In the second place, a debt once scheduled in bankruptcy is not revived by a new promise to pay it unless the promise is clear, distinct, and unequivocal.[1]

The law on this point is set forth at 10 Am.Jur.2d, Bankruptcy § 825, at page 619, as follows:

> To be effective as a revival of a discharged debt, the promise must be either express or directly implied in the terms used; it cannot be implied simply from conduct recognizing the debt,—for example, from a payment on account of either principal or interest. A simple acknowledgment of the justness of a debt and of its present existence as a debt formerly contracted and now unpaid, or the expression of a hope, desire, expectation, or intention to pay, is not sufficient to revive a discharged debt. A statement by the bankrupt to a creditor that the latter will "come first" in the order of payment of debts of the bankrupt is not such a definite promise to pay as is required to revive a discharged debt.

The case of Brink v. Brink, 143 Cal.App.2d 527, 299 P.2d 991 (1956), involved a property settlement in connection with a divorce matter. In that case the decree incorporated an agreement whereby the husband was to pay his wife the sum of $1800. Before the decree became final, the husband took out bankruptcy and listed the debt. Upon expiration of one year from the date of divorce, the husband applied to the court for a final decree based upon the property settlement made before the hearing on the divorce matter. In holding that the application for final decree did not revive the obligation to pay the $1800 debt, the court said at page 993:

> "When a debt has been discharged by proceedings in insolvency, or has become barred by the statute of limitations, the remedy to enforce the payment of the debt is gone, but the moral obligation to pay it still remains, and is a good consideration for a new promise to make such payment. Chabot v. Tucker, 39 Cal. 434; McCormick v. Brown, 36 Cal. 180 [95 Am. Dec. 170]. And it is well settled that when an action is brought to recover such a debt it must be based upon the new promise, and to support the action *it must appear that the promise was clear, distinct, unconditional, and unequivocal.*" Lambert v. Schmalz, 118 Cal. 33, 35, 50 P. 13; emphasis added. See also Jackson v. Shaw, 20 Cal.App.2d 740, 742–743, 68 P.2d 310.

1. Allen & Co. v. Ferguson, 18 Wall. 1 at 3, 21 L.Ed. 854.

58

In the instant case the defendants never at any time after they were adjudicated bankrupts made any clear, distinct, unconditional, and unequivocal promise to pay the note in question and, therefore, the discharge in bankruptcy would be a bar to the entry of any deficiency judgment against them resulting from the sale of their mortgaged property.

The judgment of the trial court is affirmed. Costs are awarded to the respondent.

CROCKETT, C. J., and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.