**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD COOK; CARMEN L.
COOK,

Plaintiffs–Appellants,

v.

CHASE MANHATTAN MORTGAGE
CORPORATION, a New Jersey
Corporation,

Defendant–Appellee.

No. 07-4089
(D.C. No. 2:05-CV-16-PGC)
(D. Utah)
(509 F. Supp. 2d 986)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **McCONNELL** and **GORSUCH**, Circuit Judges.

Richard Cook and Carmen Cook appeal from the district court's entry of

summary judgment in favor of defendant Chase Manhattan Mortgage Corporation

(Chase) on claims relating to their mortgage loan and Chase's foreclosure sale of

their former home. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantially the same reasons set forth in the district court's order granting

Chase's motion for summary judgment, *Cook v. Chase Manhattan Mortgage Corp.*, 509 F. Supp. 2d 986 (D. Utah 2007).

## I.

We review the district court's grant of summary judgment de novo, using the same legal standard applicable in the district court. *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under this standard, we view the evidence, and draw all reasonable inferences from it, in the light most favorable to the nonmoving party. *Baca*, 398 F.3d at 1216.

## II.

The district court discussed in detail the factual background of this suit, none of which is legitimately in dispute.[1] *See Cook*, 509 F. Supp. 2d at 988-92. Thus, we set out only a summary of the relevant facts.

The Cooks obtained a $46,000 mortgage loan from Chase's predecessor in interest in August 1999. The loan was memorialized in a "Note," and the Note

---

[1] The Cooks contest the substance of Chase's position that they did not pay all amounts due under the documents governing their mortgage loan, but the following factual chronology is beyond dispute.

was secured by a "Deed of Trust" on the Cooks' property and residence in Salt Lake City, Utah. The Note required the Cooks to pay principal and interest monthly in the fixed amount of $419.92. The Deed of Trust secured the repayment of the debt evidenced by the Note as well as the Cooks' payment of other sums and performance of covenants outlined in the Deed of Trust. The covenants included paying funds for taxes and insurance into an escrow account.

Initially, the Cooks paid $500 each month, which exceeded their monthly obligation for principal, interest, taxes, and insurance, as detailed in annual escrow account disclosure statements Chase sent to the Cooks. Effective December 1, 2001, however, the Cooks' monthly payment obligation rose to $565.39 due to changes in the amount required for the escrow account.

In May 2002, Chase sent the Cooks a foreclosure notice and referred the matter to its counsel, who extended a written offer to reinstate the Cooks' loan if they paid $3,098.76 to cover four monthly payments of $565.39 plus fees and costs. In a separate letter Chase's counsel informed the Cooks that all of their payment checks had been applied to their account yet they were still behind on their obligations because, in counsel's opinion, they had continued to pay only $500.00 per month when the actual amount due was $565.39. The Cooks paid the reinstatement amount in July 2002 and thereafter began paying $565.39 per month.

The Cooks' monthly payment obligation changed to $513.91 effective December 1, 2002. According to their own summary of their payment history, the Cooks began paying $513.91 each month, starting in January 2003, but made no monthly payments after April 4, 2003. Chase notified the Cooks by letters dated April 25, 2003, that they were once again in default, this time in the amount of $1015.04. Chase's counsel sent the Cooks notice of their options to pay the debt or obtain a reinstatement offer. The trustee recorded a Notice of Default and Election to Sell on June 18, 2003, and sent it to the Cooks, informing them that their unpaid principal balance was accelerated and that the trustee had elected to sell the property described in the trust deed. Ms. Cook signed certified mail return receipts for this notice on June 27 and admitted at her deposition that she had received the notice.

According to an Affidavit of Posting, a Notice of Trustee's Sale was posted on the Cooks' residence on September 22, 2003, announcing that the property would be sold at public auction on October 23, 2003. The Cooks maintain that they never saw the posted notice because they were traveling for two weeks at the end of September. Notice of the trustee's sale also was published in a weekly newspaper for three consecutive weeks. The property was sold on October 23, but the Cooks remained in possession until November 11, 2003, when the sheriff arrived to evict them. Ms. Cook showed the sheriff an unsigned letter, purportedly from Chase and dated November 11, 2003, which stated that Chase

-4-

had decided to credit the Cooks' loan account in the amount of their July 2002 reinstatement payment, $3.098.76, to cover payments from July 2003 through November 2003, and that their next payment was due December 1, 2003. Apparently unpersuaded, the sheriff proceeded to evict the Cooks.

III.

On November 19, 2004, more than a year after their eviction, the Cooks filed this action in the Third Judicial District Court of Salt Lake County, Utah. The complaint is not a model of clarity. In essence, though, the Cooks alleged that they always overpaid their mortgage by paying $500.00 per month and that they never missed a payment. They further alleged that Chase had on a number of occasions failed to record their payments properly and failed to correct its records even after the Cooks sent proof that they had made the allegedly missing payments.

Seeking money damages, the Cooks asserted five claims: (1) Chase failed to correct accounting errors in a timely manner in violation of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §§ 2601-2617 (RESPA); (2) Chase made false, deceptive, and misleading representations in connection with collecting a debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA); (3) Chase made false, deceptive, and misleading representations in connection with managing and servicing a homeowner's mortgage loan in violation of Utah's Mortgage Lending and Servicing Act, Utah

Code Ann. §§ 70D-1-1 to 70D-1-21 (MLSA); (4) Chase breached its contract with the Cooks; and (5) Chase committed fraud or misrepresentation.

Chase removed the case to federal court based on the federal claims and eventually moved for summary judgment. In ruling on the motion, the court first examined events up to and including the July 2002 reinstatement, applied Utah law, and concluded that because the reinstatement payment was in accord and satisfaction of the Cooks' pre-July 2002 dispute with Chase, they were barred from making claims of mismanagement prior to the reinstatement. *See Cook*, 509 F. Supp. 2d at 994-96 (applying *Smith v. Grand Canyon Expeditions Co.*, 84 P.3d 1154, 1158 (Utah 2003) (setting forth factors for accord and satisfaction), *Bennion v. LeGrand Johnson Constr. Co.*, 701 P.2d 1078, 1082 (Utah 1985) (same), and *Fowers v. Gurney*, 448 P.2d 713, 714 (Utah 1968) (recognizing mortgage reinstatement payment was an accord and satisfaction that satisfied a deficiency judgment)). The court also ruled that Chase complied with its obligations under the RESPA to (1) acknowledge receipt of the Cooks' written July 2002 inquiries within twenty days and (2) make appropriate corrections to their account and provide a written explanation within sixty days of the inquiry. *See Cook*, 509 F. Supp. 2d at 995-96 (applying 12 U.S.C. § 2605(e)). The district court concluded in the alternative that the Cooks failed to present evidence of mismanagement other than their own assertion that they made monthly payments of $500.00. *See Cook*, 509 F. Supp. 2d at 996.

As to alleged wrongful acts between July 2002 and November 2003, the court reasoned that although principles of waiver and estoppel might apply to the Cooks' failure to object to the foreclosure proceedings prior to the sale, there was no need to resolve the issue because the Cooks failed to establish any genuine issues of material fact. *Id.* Regarding the RESPA claim, the court concluded that the Cooks did not make any qualifying written inquiries requiring a response other than in July 2002. *Id.* at 997. The court also concluded that the Cooks presented no evidence that Chase failed to credit their account properly, as required by the UMSA. *See id.* (applying Utah Code Ann. § 70D-1-7(4)). In the alternative, the court held that at least one of two UMSA exceptions applied to Chase's crediting obligation—(1) when a payment is insufficient to pay principal, interest, late charges, and reserves then due, or (2) when the matter has been referred to an attorney. *See id.* (applying § 70D-1-7(4)(a), (4)(b)).

The court then addressed the Cooks' FDCPA claim, determining that two subsections of 15 U.S.C. § 1692e were at issue. First, the court ruled that Chase did not violate § 1692e(4), which in relevant part prohibits a debt collector from representing or implying that nonpayment of a debt will result in the sale of any property "unless such action is lawful and the debt collector or creditor intends to take such action." *See Cook*, 509 F. Supp. 2d at 998. The court concluded that the record showed Chase acted appropriately in sending the 2003 notice of foreclosure, an action it intended to (and did) take. Rather, the court said, it was

the Cooks' own misunderstanding of their payment obligation that led them to believe that the 2003 default and foreclosure were unlawful. Second, the court stated that there was no evidence in the record that Chase violated § 1692e(7), which prohibits "[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." *See Cook*, 509 F. Supp. 2d at 998.

Turning to the Cooks' two remaining claims, breach of contract and fraud, the district court observed that even if the Cooks received a phone call from Chase in April 2003 informing them that their reinstatement payment would be applied prospectively and that they did not need to make any payments until December 2003, Chase later sent written notices of default and foreclosure that the Cooks acknowledged receiving. Thus, the court concluded, no reasonable juror could believe that the April phone call trumped the subsequent notices or proved breach of contract, fraud, or any statutory violations. *See id.* at 999. Due to typographical errors and formatting irregularities, the court had concerns about the authenticity of the November 11 letter Ms. Cook had shown the sheriff at the eviction, which Chase had denied sending and maintained was a forgery. But the court concluded that even if authentic, that letter did not preclude summary judgment on the Cooks' contract claim because at the time it was executed, Chase no longer had any contract with the Cooks. *Id.* Nor, the court concluded, did the letter preclude summary judgment on the fraud or statutory claims. Because there

was no relationship—contractual or otherwise—at the time the letter was written, the court reasoned that at most, the letter could "be circumstantial evidence of some earlier violation or fraud. But because Chase was entitled to collect all the funds it obtained earlier from the Cooks, no such fraud existed, and no statutory violation occurred." *Id.* at 1000. The court granted Chase's motion for summary judgment on all claims. The Cooks appealed.

## IV.

We have reviewed de novo the record, the parties' briefs, and the applicable law. The district court's decision is thorough and well reasoned, and none of the Cooks' arguments persuades us that the district court erred in granting summary judgment to Chase. Their contention that evidence of the April 2003 telephone call from Chase and the November 11 letter creates genuine issues of material fact fails for the reasons given by the district court.[2] Their assertion that they were never in default because their monthly principle-and-interest obligation was fixed by the Note at $419.92 frivolously overlooks their additional obligations, under the terms of the Deed of Trust, to pay taxes and insurance into an escrow account. They have waived their argument that accord and satisfaction

---

[2]     Because we affirm the district court's ruling on this evidence, we need not address Chase's argument that statements the Cooks made in affidavits supporting their opposition to Chase's motion for summary judgment regarding the telephone call rendered their affidavits a "sham" under *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986).

under Utah law requires the creation of a subsequent agreement because they did not present that argument to the district court. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.) (explaining that this court does not consider a new theory on appeal even if it "falls under the same general category as an argument" presented to the district court), *opinion amended on other grounds*, 103 F.3d 80 (10th Cir. 1996). In their opening brief, the Cooks listed an issue regarding another mortgagor's affidavit containing allegations of similar mortgage-accounting problems with Chase, which they presented to the district court in a motion to alter the judgment filed under Fed. R. Civ. P. 59(e) and 60(b), but they have not provided any argument concerning the district court's denial of their motion. Therefore, they have waived this issue. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990). The judgment of the district court is AFFIRMED for substantially the same reasons stated in the district court's order. *See Cook*, 509 F. Supp. 2d 986.

Entered for the Court

Michael W. McConnell
Circuit Judge